# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 16, 2013

No. 12-31065

Lyle W. Cayce
Clerk

PAULINE G. FEIST

Plaintiff-Appellant

v.

STATE OF LOUISIANA, Department of Justice, Office of the Attorney
General

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana

Before DAVIS, JONES, BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

Pauline G. Feist, a former assistant attorney general for the Louisiana
Department of Justice ("LDOJ"), claims that LDOJ (1) discriminated against her
in violation of the Americans with Disabilities Act ("ADA") by declining to
provide a free on-site parking space to accommodate her disability (osteoarthritis
of the knee), and (2) violated the ADA and Title VII by terminating her
employment in retaliation for charges she filed with the U.S. Equal Employment
Opportunity Commission ("EEOC").[1]

---

[1] Feist also argues that LDOJ failed to reasonably accommodate her request for "job
restructuring" by not allowing her to work from home, but issue was not raised in the court
below, and thus need not be addressed here. *See BP Exploration Libya Ltd. v. Exxonmobil*

No. 12-31065

The district court granted summary judgment on Feist's discrimination claim, holding that she failed to explain how the denial of on-site parking limited her ability to perform the "essential functions" of her job. Feist filed timely appeal, arguing that the ADA does not require a link between a requested accommodation and an essential job function.[2]

The district court also granted LDOJ's motion for summary judgment on Feist's retaliation claim, finding that Feist was dismissed for poor performance and holding that Feist produced no evidence that, but for a retaliatory motive, LDOJ would not have dismissed her. Feist appeals, claiming that she has evidence that any performance-based justification is mere pretext, intended to disguise the retaliatory dismissal.

Because we find an error in the district court's analysis of the discrimination claim, we vacate summary judgment in part and affirm in part.

## I. Standard of Review

This Court "reviews de novo the district court's grant of summary judgment, applying the same standard as the district court." *Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 414 (5th Cir. 2003). "Summary judgment is appropriate if the moving party can show that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *United States v. Renda Marine, Inc.*, 667 F.3d 651, 655 (5th Cir. 2012) (quoting FED. R. CIV. P. 56(a)). When considering a motion for summary judgment, a court "must view all facts and evidence in the light most favorable to the non-moving party." *Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 433 (5th Cir. 2013). In addition, an appellate court "may affirm summary

---

*Libya Ltd.*, 689 F.3d 481, 493 n.9 (5th Cir. 2012).

[2] Amici on this issue include the Advocacy Center and Disability Rights Texas, which are the congressionally mandated disability "protection and advocacy" agencies for Louisiana and Texas, respectively. *See* 42 U.S.C. § 15041 *et seq.*

2

No. 12-31065

judgment on any ground supported by the record, even if it is different from that relied on by the district court." *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 438 (5th Cir. 2012) (internal quotation marks omitted).

## II. Discrimination

The ADA prohibits covered employers from "discriminat[ing] against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). Discrimination includes failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless such covered entity can demonstrate that the accommodation would impose an undue hardship." *Id.* § 12112(b)(5)(A). Thus, a plaintiff must prove the following statutory elements to prevail in a failure-to-accommodate claim: (1) the plaintiff is a "qualified individual with a disability;" (2) the disability and its consequential limitations were "known" by the covered employer; and (3) the employer failed to make "reasonable accommodations" for such known limitations.[3]

The district court found that Feist is a qualified individual with a disability and that the disability was known by the employer, and the parties do not dispute these findings. Consequently, the sole question on appeal is whether the district court applied the correct legal standard in determining whether Feist's proposed accommodation was reasonable. The court held that Feist could not show the proposal reasonable because she "[did] not allege or demonstrate that the parking situation limited her ability to perform the essential functions of her job." The LDOJ urges this Court to affirm the district court's interpretation. Feist, however, points out that reasonable accommodations are

---

[3] This specific three-part formulation has not been set out by the Fifth Circuit, but similar elements are present across cases. *See, e.g.*, *Griffin v. UPS*, 661 F.3d 216, 222 (5th Cir. 2011); *Mzyk v. N. E. Indep. Sch. Dist.*, 397 F. App'x 13, 16 n.3 (5th Cir. 2010); *see also Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 335 (4th Cir. 2013); *Cloe v. City of Indianapolis*, 712 F.3d 1171, 1176 (7th Cir. 2013).

not restricted to modifications that enable performance of essential job functions. The language of the ADA, and all available interpretive authority, indicate that Feist is correct.

Under the ADA, a reasonable accommodation may include:

(A) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and

(B) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

42 U.S.C. § 12111(9).  The text thus gives no indication that an accommodation must facilitate the essential functions of one's position.  Moreover, the requested reserved on-site parking would presumably have made her workplace "readily accessible to and usable" by her, and therefore might have been a potentially reasonable accommodation pursuant to § 12111(9)(A).

The ADA's implementing regulations also indicate that reasonable accommodation need not relate to the performance of essential job functions. Indeed, the regulations suggest the contrary by defining reasonable accommodation as:

(I) Modifications or adjustments to a job application process that enable a qualified applicant with a disability to be considered for the position such qualified applicant desires; *or*

(ii) Modifications or adjustments to the work environment . . . that enable an individual with a disability who is qualified *to perform the essential functions* of that position; *or*

(iii) Modifications or adjustments that enable a covered entity's employee with a disability to *enjoy equal benefits and privileges* of

No. 12-31065

employment as are enjoyed by its other similarly situated employees without disabilities.

29 C.F.R. § 1630.2(o)(1) (emphasis added).  Thus, a modification that enables an individual to perform the essential functions of a position is only one of three categories of reasonable accommodation.[4]  Moreover, EEOC guidance explicitly provides that "providing reserved parking spaces" may constitute reasonable accommodation under some circumstances.  29 C.F.R. pt. 1630 App., § 1630.2(o).

In arriving at its conclusion, the district court cited a decision in which we stated that "the existence vel non of a disability or impairment is material to a reasonable accommodation claim only insofar as it limits an employee's ability to perform his or her job." *Burch v. Coca-Cola Co.*, 119 F.3d 305, 315 (5th Cir. 1997).  However, *Burch* is inapposite because the question there was whether the plaintiff was a "qualified individual with a disability," which is not in dispute here.

Therefore, because the district court erred in requiring a nexus between the requested accommodation and the essential functions of Feist's position, we vacate the judgment and remand for further proceedings not inconsistent with this opinion.  We express no opinion as to whether the proposed accommodation was reasonable, and we respectfully decline appellee's invitation to consider alternate grounds for affirming summary judgment on Feist's discrimination claim.

---

[4] LDOJ urges this Court to simply ignore these regulations, arguing that the regulations are not entitled to deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984).  The assertion, however, is inconsequential because LDOJ offers *no* statutory argument as to why a reasonable accommodation must facilitate an essential job function.  *See Chevron*, 467 U.S. at 843 (holding that courts should reach agency interpretation only if statute is silent or ambiguous); *Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 655 n.1 (5th Cir. 2003) (suggesting that EEOC regulations interpreting §§ 12111 and 12112 of the ADA are entitled to *Chevron* deference).

No. 12-31065

## III.  Retaliation

To establish a prima facie case of retaliation under the ADA or Title VII, a plaintiff must show that (1) she participated in an activity protected under the statute; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007) (Title VII); *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999) (ADA).  "If the employee establishes a prima facie case, the burden shifts to the employer to state a legitimate, non-retaliatory reason for its decision.  After the employer states its reason, the burden shifts back to the employee to demonstrate that the employer's reason is actually a pretext for retaliation," *LeMaire v. Louisiana*, 480 F.3d 383, 388–89 (5th Cir. 2007) (internal citation omitted), which the employee accomplishes by showing that the adverse action would not have occurred "but for" the employer's retaliatory motive, *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013) (Title VII); *Seaman*, 179 F.3d at 301 (ADA).  In order to avoid summary judgment, the plaintiff must show "a conflict in substantial evidence" on the question of whether the employer would not have taken the action "but for" the protected activity.  *Long v. Eastfield College*, 88 F.3d 300, 308 (5th Cir. 1996) (internal quotation marks omitted).

It is uncontested that Feist established the first two elements of her prima facie case.  She participated in a protected activity when she filed complaints with the EEOC, and the dismissal constitutes an adverse action.  The question before this Court is whether there is any evidence of the third element, a causal connection between the activity and the adverse action.

A plaintiff alleging retaliation may satisfy the causal connection element by showing "[c]lose timing between an employee's protected activity and an adverse action against him." *McCoy*, 492 F.3d at 562.  Such temporal proximity

6

must generally be "very close." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001).  This Court has found, for example, that "a time lapse of up to four months" may be sufficiently close, *Evans v. Houston*, 246 F.3d 344, 354 (5th Cir. 2001), while a five month lapse is not close enough without other evidence of retaliation, *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 472 (5th Cir. 2002).  Such evidence may include an employment record that does not support dismissal, or an employer's departure from typical policies and procedures.  *See Schroeder v. Greater New Orleans Fed. Credit Union*, 664 F.3d 1016, 1024 (5th Cir. 2011).

The district court dismissed Feist's retaliation claim because it found that, other than temporal proximity of five months, she had not offered any evidence of a causal link between the protected activity and the adverse action.  LDOJ offered a non-retaliatory justification for the dismissal, describing Feist's substandard work on two cases.  In one case, Feist apparently failed to disclose information that would have helped facilitate a settlement.  In another, Feist failed to timely oppose a motion for summary judgment, causing the presiding judge to enter a $500,000 judgment against LDOJ.  Based on this evidence, LDOJ has satisfied its burden of showing a legitimate, non-retaliatory reason for terminating Feist.  *See Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684–85 (5th Cir. 2001) (noting that evidence of poor work performance satisfies burden).

In order to survive summary judgment, then, Feist must show that LDOJ's proffered explanation is pretextual.  In attempting to do so, Feist claims that (1) she was terminated only two weeks after a state legislative hearing in which her boss, the Louisiana Attorney General, was purportedly embarrassed when questioned about Feist's claim; (2) her record of good performance does not support dismissal; and (3) LDOJ deviated from standard practice by dismissing her when a colleague had a longer record of allegedly more serious mistakes.

Yet a review of the record suggests that Feist has mischaracterized the pertinent facts. The transcript of the hearing indicates that the questioner was not critical of Feist's boss, but rather was confused by and even skeptical of Feist's claim. There is no indication that her boss was embarrassed by the line of questioning. And with respect to Feist's colleague who had also mishandled cases, the record indicates that he—just like Feist—was dismissed due to the poor performance. Thus, Feist's reference to her colleague's case actually weakens Feist's claim by demonstrating LDOJ's consistent response to substandard performance. *Cf. Long*, 88 F.3d at 308–9 (holding that positive performance reviews, coupled with evidence that no other employee had been terminated for employer's stated reason, were sufficient to overcome summary judgment).

So while Feist may dispute the egregiousness of her errors at work, she offers no evidence that LDOJ would not have terminated another employee for the same mistakes. Therefore, because LDOJ has offered a non-retaliatory explanation for Feist's dismissal, and because Feist has presented no evidence of pretext, the summary judgment dismissing the retaliation claim is affirmed.

**IV. Conclusion**

For the reasons stated herein, the judgment of the district court is AFFIRMED IN PART AND VACATED AND REMANDED IN PART.