# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30544

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2013

Lyle W. Cayce
Clerk

LEONARD BROUSSARD; BERTHA THIBODEAUX,

Plaintiffs - Appellants

v.

DOW CHEMICAL COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:11-CV-01446

Before BARKSDALE, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Leonard Broussard and Bertha Thibodeaux filed this diversity action against The Dow Chemical Company and other entities for damages caused by their activities on land owned by Broussard and Thibodeaux. Summary judgment was awarded Dow on whether Broussard had a right to sue for damages to land acquired after the alleged damage occurred and the mineral lease had expired, and where that lease did not contain a stipulation *pour autrui* (third-party beneficiary). (The district court noted Thibodeaux

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30544

disclaimed any interest in the land on which Dow had conducted its operations; she appears with Broussard, however, on the notice of appeal and seems to assert a claim here.  But, because Thibodeaux, in district court, disclaimed an interest in the land at issue, only Broussard's claims are addressed.)

After Broussard appealed the summary judgment in January 2013, his unopposed motion to dismiss his appeal without prejudice was granted.  The district court then severed the claims against Dow in April 2013, and Broussard appealed on 30 April.

Broussard challenges the summary judgment, including claiming the district court erred in not allowing him to present parol evidence regarding the intent of prior owners to transfer the right to sue in the sales contracts. Essentially for the reasons stated by the district court, the judgment is AFFIRMED.

## I.

In August 1963, Agnes Benoit Harpin and Anthony H. Harpin signed a mineral lease with Dow, covering "that certain tract or parcel of land containing 51 acres, more or less, being situated in Section 13, Township 12 South, Range 4 West . . . ."  The lease provided in clauses eight and nine:

8.  The Lessee shall be responsible for all damages of Lessor caused by Lessee's operations.

9.  All provisions hereof shall extend to and bind the successors and assigns (in whole or in part) of Lessor and Lessee; but regardless of any actual constructive notice on the part of Lessee, no change in the ownership of the land or any interest therein or change in the capacity or status of Lessor, either resulting from sale, inheritance, interdiction, emancipation, attainment of majority, or otherwise, shall impose any additional burden on Lessee . . . .

2

No. 13-30544

Dow drilled one well on the property. Beginning in December 1966, that well produced natural gas before it was plugged and abandoned in May 1975. No further operations were conducted pursuant to the lease; and Dow released all acreage subject to the lease in February 1977.

In March 2000, after her father, Anthony H. Harpin, died, Julie Kathryn Harpin Smith (who later married and took the surname Sorrell) became owner of the land via judgment of possession. It stated Sorrell was "recognized as the sole owner and [] sent into possession of decedent's separate property", which included the land in issue. Sorrell immediately sold the tract to her aunt and uncle, the Fuseliers. The private act of sale, in which Sorrell conveyed the land to the Fuseliers, states in pertinent part:

> [Sorrell] does by these presents Grant, Bargain, Sell, Assign, Transfer, Convey, Setover and Deliver unto [Fuseliers] all and singular the following described property, together with all the buildings, improvements, appurtenances and privileges thereon and thereto belonging, or in anywise appertaining . . . [and]
> . . . with full and general warranty of title, and with full subrogation to all of the rights and actions in warranty against any and all former owners and vendors.

By cash deed in August 2009, the Fuseliers sold the land to Appellant, Broussard, and Jenny Lee Sonnier Broussard. The deed contains the following language, which provided

> a complete transfer and subrogation of all rights (including all rights to claim and sue for damages of any nature relating to or concerning the property and any other right or action related to the previous ownership of the property) and actions, whether liberative or acquisitive, against all former owners and/or proprietors of the property, any tenants who use the property with or without permission . . .

3

[and granted]
. . . full subrogation to all the rights of warranty and
all other rights as held herein by [Fuseliers].

In June 2012, Sorrell provided a declaration, pursuant to 28 U.S.C. § 1746 (unsworn declarations under penalty of perjury), stating: "When I inherited the Property, I inherited and was assigned all of the personal rights held by my father, including any rights my father had against any prior owners of mineral leases on the Property". Sorrell continued: "I sold and conveyed [the land] to [the Fuseliers, and] . . . the only right that I did not co[n]vey was a 50% interest in the mineral rights on the property. No other rights, privileges, or prior assignments were held back or otherwise excluded— expressly or by implication, from the conveyance". William Fuselier, her uncle, also provided a declaration, stating: "When I purchased said land, I believed that I purchased all rights associated with the land, including any personal rights and privileges associated with the land".

On 28 June 2011, this action was filed in Louisiana state court, against Dow and other entities. Broussard sought damages, claiming, *inter alia,* defendants' conduct and activities: unreasonably deprived him of the use of his property; constituted a private nuisance; violated the good faith requirement inherent in both the mineral lease and right-of-way agreements between the prior owners of the land and defendants; represented a wanton or reckless disregard for public safety; and constituted a trespass.

Several defendants gave notice of removal on 9 August 2011, to which Dow consented. Dow moved for summary judgment in June 2012, contending:

> Plaintiffs were not the owners of the property at the time the alleged damage to the property was inflicted by Dow, and therefore the subsequent purchaser doctrine applies to them. Plaintiffs do not have a personal right of action against Dow for damages.

No. 13-30544

> Further, Plaintiffs did not receive an express subrogation or assignment of the right to sue for damages from the former property owners.

Summary judgment was awarded Dow that December. *Broussard v. Dow Chem. Co.*, No. 2:11-CV-01446, 2012 WL 6042535 (W.D. La. 3 Dec. 2012). In doing so, the court structured its ruling in three sections:  the conveyance, *vel non*, of the right to sue Dow, *id.* at \*3-7; the applicability of the parol-evidence rule, *id.* at \*7-9; and the validity, *vel non*, of Broussard's reformation claim, *id.* at \*9.

Regarding the first point, the court focused on the primary disagreement between the parties:  whether the right to sue passed between Sorrell and the Fuseliers, and from them to Broussard. *Id.* at \*3, \*6-7.  Dow maintained the right could only transfer by express written assignment because the lease had terminated before the Fuseliers or Broussard bought the land.  *Id.* at \*3. According to Dow, the absence of such express language in the sales contract to the Fuseliers foreclosed the possibility of Broussard's ever enjoying the right to sue Dow.  *Id.*  Broussard countered Sorrell had properly assigned the right to sue to the Fuseliers, who then assigned that right to Broussard in the contract of sale.  *Id.*  Furthermore, Broussard maintained any ambiguity in the contracts of sale could be clarified by reference to parol evidence.  *Id.* at \*7.

The district court considered relevant Louisiana case law, including Louisiana Supreme Court cases *Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 2010-2267 (La. 10/25/11); 79 So. 3d 246, *reh'g denied* (13 Jan. 2012), and *Prados v. S. Cent. Bell Tel. Co.*, 329 So. 2d 744 (La. 1975), as well as the Louisiana third circuit case *Lejeune Bros., Inc. v. Goodrich Petroleum Co., LLC*, 2006-1557 (La. App. 3 Cir. 11/28/07); 981 So. 2d 23, *writ denied*, 2008-0298 (La. 4/4/08); 978 So. 2d 327.  *Id.* at \*3-5.  Analogizing to the situation in *Lejeune*, where the court found previous landowners could not transfer the right to sue

to an assignee when the lease had expired, the district court ruled Broussard could not have been assigned the right to sue Dow. *Id.* at *6.

As for the third-party-beneficiary claim, the court considered paragraphs eight and nine of the mineral lease, analogized again to *Lejeune,* and ruled "the mineral lease indicates that Dow's liability will not go beyond the damages of the *lessor*" and the language referring to rights passing to successors or assigns did not apply to either the Fuseliers or Broussard because neither was an assignee of the lease. *Id.* at *6-7 (emphasis in original). Because the right to sue is a personal right, the court reasoned, it must be expressly assigned and cannot be "implicitly conveyed"; therefore, in the absence of an express assignment, the court held Broussard could not receive the right to sue Dow for damages stemming from its activities and operations on the land. *Id.* at *7.

Relying on its ruling on the first point, the court held parol evidence was inapplicable where the subsequent-purchaser rule required *express* assignment of the right to sue in the contract. *Id.* at *8. To allow parol evidence to subsequently inject the right to sue into contracts would have "potential[ly] far-reaching consequences" and "essentially completely nullify the longstanding 'express assignment' requirement". *Id.*

The third point is not at issue in this appeal. In any event, the court held Broussard could not bring a reformation action to reform the terms of the contract between Sorrell and the Fuseliers to reflect an express subrogation of the right to sue, because the ten-year prescriptive period had passed. *Id.* at *9.

II.

The challenged summary judgment is reviewed *de novo*, applying the same standard as did the district court. *E.g., Feist v. La., Dep't of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law". FED. R. CIV. P. 56(a). In determining whether to grant a motion for summary judgment, the court views the facts and evidence in the light most favorable to Broussard, the non-movant. *E.g., Dameware Dev., LLC v. Am. Gen. Life Ins. Co.*, 688 F.3d 203, 206-07 (5th Cir. 2012).

## III.

Having reviewed the record and briefs, and listened to oral argument, and essentially for the reasons stated by the district court in its well-reasoned opinion, the judgment is AFFIRMED.