**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1875**

SHASTA D. STALEY,

             Plaintiff - Appellant,

      v.

MARTIN GRUENBERG, Acting Chairman, Federal Deposit Insurance
Corporation,

             Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Gerald Bruce Lee, District
Judge.  (1:12-cv-00530-GBL-JFA)

Submitted:  May 30, 2014                Decided:  June 6, 2014

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gerald L. Gilliard, LAW OFFICE OF GERALD L. GILLIARD, ESQ., LLC,
Washington, D.C., for Appellant.  Dana J. Boente, Acting United
States Attorney, Dennis C. Barghaan, Jr., Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The President of the United States, through an Executive Order, directed the Federal Deposit Insurance Corporation ("FDIC" or "Defendant") to decide promptly whether to convert certain interns to permanent status. After the FDIC decided not to convert Shasta Staley to permanent status, Staley filed a complaint alleging that the FDIC retaliated against her for engaging in protected activities, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17 (2012); the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12201-12213 (2012); and the Rehabilitation Act, 29 U.S.C. §§ 701-796 (2012). Staley alleged that she engaged in the following protected activities: (1) requesting a reasonable accommodation; (2) filing a grievance after her request was denied; and (3) filing an informal and formal complaint with the Equal Employment Opportunity Commission ("EEOC"). The district court granted summary judgment to Defendant on this claim, and Staley appeals. Finding no reversible error, we affirm.

We review a district court's grant of summary judgment de novo, viewing the facts and drawing reasonable inferences in

the light most favorable to the nonmoving party.[1]  Halpern v.
Wake Forest Univ. Health Scis., 669 F.3d 454, 460 (4th Cir.
2012).  Summary judgment is appropriate when "there is no
genuine dispute as to any material fact and the movant is
entitled to judgment as a matter of law."  Fed. R. Civ. P.
56(a).  Summary judgment will be granted unless "a reasonable
jury could return a verdict for the nonmoving party" on the
evidence presented.  Anderson v. Liberty Lobby, Inc., 477 U.S.
242, 248 (1986).  "Conclusory or speculative allegations do not
suffice, nor does a mere scintilla of evidence in support of
[the nonmoving party's] case."  Thompson v. Potomac Elec. Power
Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks
omitted).

Because Staley presented no direct evidence of
retaliation, we analyze her claim under the familiar burden-
shifting framework established in McDonnell Douglas Corp. v.
Green, 411 U.S. 792 (1973).  Price v. Thompson, 380 F.3d 209,
212 (4th Cir. 2004) (Title VII); Ennis v. Nat'l Ass'n of Bus. &

---

[1] Because the district court struck Staley's memorandum in opposition to Defendant's motion for summary judgment and Staley does not challenge that order on appeal, we confine our review to Staley's complaint and the evidence presented in the exhibits accompanying Defendant's memorandum in support of summary judgment.  See Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993) (providing that facts presented in summary judgment motion are "uncontroverted" if opposing party fails to respond).

3

Educ. Radio, Inc., 53 F.3d 55, 57-58 (4th Cir. 1995) (ADA & Rehabilitation Act). "Importantly, although intermediate evidentiary burdens shift back and forth under this framework, [Staley retains] the ultimate burden of persuading the trier of fact," Hoyle v. Freightliner, LLC, 650 F.3d 321, 336 (4th Cir. 2011) (internal quotation marks and alteration omitted), that her engagement in the protected activities was a "but for" cause of her non-conversion to permanent status. Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2533 (2013); see Feist v. La., Dep't of Justice, Office of the Atty. Gen., 730 F.3d 450, 454 (5th Cir. 2013) (applying "but for" test to retaliation claim under ADA).

The primary issue on appeal is whether Staley has demonstrated that Defendant's proffered reasons for her non-conversion to permanent status were pretextual.[2] A plaintiff can prove pretext by showing that the defendant's "explanation is

---

[2] Staley also suggests that the incidents identified in the Letter of Warning and Letter of Admonishment are not legitimate, non-retaliatory reasons for her non-conversion to permanent status because they relate to her disability. However, "[t]he law is well settled that the ADA is not violated when an employer discharges an individual based on an employee's misconduct, even if the misconduct is related to a disability." Jones v. Am. Postal Workers Union, 192 F.3d 417, 429 (4th Cir. 2009); see also Calhoun v. U.S. Dep't of Labor, 576 F.3d 201, 214 (4th Cir. 2009) (holding that insubordinate behavior is sufficient to discharge the employer's burden to produce a legitimate, non-retaliatory reason for an adverse employment action).

4

unworthy of credence or by offering other forms of circumstantial evidence sufficiently probative of . . . [retaliation]." Mereish v. Walker, 359 F.3d 330, 336 (4th Cir. 2004) (internal quotation marks omitted). "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148 (2000).

We conclude that Staley has failed to establish that Defendant's legitimate, non-retaliatory reasons for not converting her to permanent status were pretext for retaliation — either for requesting a reasonable accommodation, filing a grievance after that request was denied, or filing an informal and formal complaint with the EEOC. To the contrary, the record reveals that Staley was not converted to permanent status because she disregarded FDIC policy, was disrespectful to supervisors, and demonstrated poor judgment. Although Staley's non-conversion occurred shortly after she filed the formal EEOC complaint, this temporal proximity alone is not sufficient to establish that her engagement in protected activity was a "but for" cause of her non-conversion. See Hernandez v. Yellow Transp., Inc., 670 F.3d 644, 660 (5th Cir.) (holding that "'[b]ut for' causation . . . cannot be established by temporal

5

proximity alone"), <u>cert. denied</u>, 133 S. Ct. 136 (2012).  Nor is there any evidence that Staley's supervisors were conspiring to prevent her non-conversion by creating a paper trail of "trumped up" disciplinary charges.  In any event, it is not for this court to decide whether the decision by Staley's supervisors was wise.  <u>See</u> <u>DeJarnette v. Corning, Inc.</u>, 133 F.3d 293, 299 (4th Cir. 1998) (observing that "this [c]ourt does not sit as a kind of super-personnel department weighing the prudence of employment decisions made by firms charged with employment discrimination" (internal quotation marks omitted)).

Accordingly, we affirm the entry of summary judgment in favor of Defendant on Staley's retaliation claim.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>