# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-30190
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 18, 2014

Lyle W. Cayce
Clerk

JO-DEE L. ORTEGO,

Plaintiff - Appellant

v.

CONNIE STANDIGE; DEPARTMENT OF TRANSPORTATION AND
DEVELOPMENT, STATE OF LOUISIANA,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-836

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Jo-Dee Ortego brought suit against the state governmental department that employed her and one of its administrators for retaliation under the Americans with Disabilities Act and for violating her First Amendment rights. The district court granted summary judgment to the defendants, and Ortego appealed. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30190

## FACTUAL & PROCEDURAL BACKGROUND

Ortego is a former employee of the Louisiana Department of Transportation and Development ("DOTD") where she worked as a stockroom clerk. Ortego several times complained about discrimination and harassment by her supervisor, Shelia Tate. Ortego eventually was terminated.[1] The dispute between Ortego and Tate apparently began in October 2008 when Ortego filed a request for a work schedule change as an accommodation for her epilepsy. After her initial request, which had not stated it was to accommodate a disability, was denied, Ortego's second request was granted in November 2008. Ortego alleges that Tate retaliated for the requested accommodation by encouraging DOTD employees to blame Ortego for their work schedule changes, and that Tate increased Ortego's workload and gave her extra duties.

Ortego also alleged that Tate penalized her for requesting the accommodation by launching an investigation into Ortego's misuse of her work computer. Ortego filed an EEOC charge on March 2, 2009, claiming Tate had discriminated against her on the basis of her disability. In May 2009, and again a year later, Ortego filed harassment complaints against Tate with the human resources department at DOTD. Insufficient evidence was found to show Tate was harassing Ortego. Ortego also alleged that Tate twice had stalked her while both women were driving in their cars. Ortego complained to DOTD about the alleged stalking and also filed police reports regarding the two incidents. DOTD launched an investigation into the stalking complaints and found the claims unsubstantiated.

On September 9, 2011, DOTD district administrator Connie Standige sent Ortego a pre-termination letter, informing her that she was being

---

[1] Connie Standige was the district administrator of the district where Ortego was employed and Tate's immediate supervisor. It was Standige who terminated Ortego's employment.

2

recommended for termination. The letter specified that Ortego had violated DOTD policy No. 29, titled "employee conduct," which prohibits insubordination and conduct unbecoming of a public employee. Among the reasons given were Ortego's insubordination, treatment of coworkers with lack of respect or dignity, misusing DOTD computers, and making false claims of harassment and stalking accusations against Tate. Standige also wrote that Ortego had spread rumors in the workplace about Tate's alleged stalking, released confidential information knowing that an ongoing investigation was being made into the stalking, and had failed to cooperate in the investigation by failing to provide DOTD with the police reports. The letter concluded that Ortego's actions were inappropriate, unprofessional, and disruptive to the working environment. Ortego was terminated on February 20, 2012.

Ortego filed suit in state court in September 2012. The case was removed to the United States District Court for the Eastern District of Louisiana in April 2013. Ortego alleged violations of the ADA for failure to accommodate, retaliation, and harassment. She also alleged violations of the Louisiana Employment Discrimination Law. A Section 1983 claim was also brought. The district court granted summary judgment to the defendants on each of Ortego's claims. On appeal, Ortego challenges only the dismissal of her retaliation claims, both under the ADA and the First Amendment.

## DISCUSSION

This court reviews *de novo* the district court's grant of summary judgment, applying the same standard as the district court. *Pratt v. City of Houston, Texas*, 247 F.3d 601, 605-06 (5th Cir. 2001). Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

No. 14-30190

## I.     Retaliation under the ADA

"To establish a prima facie case of retaliation under the ADA or Title VII, a plaintiff must show that (1) she participated in an activity protected under the statute; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse action." *Feist v. La., Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013).  If a *prima facie* case is made, the employer must identify "a legitimate, non-retaliatory reason for its decision." *Id.*  If a reason is stated, "the burden shifts back to the employee to demonstrate that the employer's reason is actually a pretext for retaliation." *Id.*

It is uncontested that Ortego engaged in protected activity by making a request for an accommodation, filing internal complaints to DOTD alleging harassment, and filing an EEOC charge.  Ortego's termination is an adverse employment action.  The district court concluded, though, that Ortego had not demonstrated a causal connection between the protected activity and the termination.  The court also concluded that, assuming Ortego had stated a *prima facie* case, DOTD had provided legitimate, non-retaliatory reasons for its decision to terminate Ortego which Ortego had not shown were pretexts.

The court cited the termination letter Ortego received from Standige as providing legitimate, non-retaliatory reasons for Ortego's termination.  On appeal, Ortego argues that the termination letter itself provides evidence that DOTD fired Ortego for engaging in protected activity.  She relies on the statements in the termination letter that Ortego had filed several false charges against Tate as evidence Ortego was fired for engaging in protected activity.  We disagree.  The letter's conclusions that Ortego's claims were false is supported by the evidence.  Reliance in part on that ground for termination does not equate to retaliation.  The district court did not err in granting summary judgment for DOTD on Ortego's claim for retaliation under the ADA.

## II.    *First Amendment Retaliation*

To proceed on her retaliation claim under the First Amendment, Ortego "must show that (1) she suffered an adverse employment decision; (2) her speech involved a matter of public concern; (3) her interest in commenting on matters of public concern . . . outweigh[s] the Defendant's interest in promoting efficiency; and (4) her speech motivated the adverse employment decision." *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 601 (5th Cir. 2001) (quotation marks omitted). If Ortego makes out a *prima facie* case, the burden shifts to DOTD to show that it would have taken the same adverse employment action regardless of the protected speech. *Click v. Copeland*, 970 F.2d 106, 113 (5th Cir. 1992).

Ortego contends she was fired in retaliation for filing the police reports against Tate related to the alleged stalking incidents. The district court assumed without deciding that Ortego could establish a *prima facie* case of First Amendment retaliation, concluding that DOTD had shown it would still have terminated Ortego's employment notwithstanding the police reports. Again, the court referred to the reasons stated in the termination letter as evidence that Ortego's filing the police reports was not the motivating factor behind her termination. Accordingly, Ortego's First Amendment retaliation claim fails. We find no error.

AFFIRMED.