# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51349

FLORENCIO PUENTE SAUCEDA,

      Plaintiff–Appellant,

v.

CITY OF PEARSALL, TEXAS,

      Defendant–Appellee.

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CV-784

Before PRADO, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:*

The district court granted summary judgment to Defendant–Appellee City of Pearsall, Texas, (the "City") and dismissed Plaintiff–Appellant Florencio Puente Sauceda's Title VII retaliation claim. Because we hold that Sauceda failed to rebut the City's legitimate, non-retaliatory reason for suspending and ultimately terminating him, we affirm.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51349

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Sauceda was hired by the City of Pearsall as its City Manager on March 20, 2012. When Sauceda assumed this position, he entered a city government with issues of harassment and inappropriate behavior. For instance, in June 2011, Rebecca Maldonado, a city employee, filed a complaint against City Councilman Ronaldo Segovia alleging discrimination, harassment, retaliation, and physical abuse. Another employee, Amy Diaz, also filed a complaint regarding Segovia's alleged harassment. In response, the City Council publicly censured Segovia.

According to Sauceda, shortly after he was hired, Segovia began pressuring him to engage in illegal and improper conduct. Sauceda states that Segovia "ordered me to terminate Ms. Rebecca Maldonado" because Segovia was upset that Maldonado had made a complaint against him. Sauceda also states that Segovia "ordered me not to hire certain females" and "ordered me to terminate" another employee because he "was 'too old.'" Sauceda alleges that because he refused to comply with Segovia's demands, he was targeted for termination.

Sauceda stated in his deposition that in the summer of 2012, four members of the City Council, including Segovia, confronted him at his office in City Hall and demanded that he resign and threatened to fire him. Sauceda says that he believes the reason they demanded his resignation was because he had failed to comply with Segovia's commands that he fire certain employees. When pressed further, however, Sauceda concedes that no demands to fire anyone were made at that meeting and the City Council members stated they were asking for his resignation because they "did not like [his] management style" and "had lost confidence in [him]."

Sauceda, however, was not immune from allegations of improper conduct. Approximately a month after he was hired, two female employees filed

complaints alleging that Sauceda had made inappropriate statements. These complaints were later dismissed by the City's Ethics Commission. In October 2012, several more female employees made complaints against Sauceda. Rhonda Gonzalez stated that in July 2012, Sauceda inappropriately referred to her as having "a gift" because she had a long tongue. To corroborate her allegation, Gonzalez provided a July 6, 2012, email sent from Sauceda to Gonzalez and four other employees in which Sauceda referred to Gonzalez as "Ms. Gift." Audry Jones alleged that Sauceda had made inappropriate comments to her during her interview, stating that he had told her, "'Your [*sic*] really pretty, you look so exotic, you have pretty eyes.'" Delicia Hernandez complained that Sauceda made lewd comments about her tongue ring, commented on her looks, and inferred that she must be experienced at intercourse because she had three children, repeatedly saying that "'everyone knows how to dance, you have 3 kids don't you' . . . like 'dancing in bed.'" Finally, Lupita Lopez complained that Sauceda "told her that she needed to put on makeup" and wear high heels.

These complaints were made to the City's Director of Human Resources, Cathleen Taylor. Taylor in turn reported the complaints to the City's Special Counsel, Robert J. Perez. According to the City Council members, Perez delivered a report on his findings regarding the complaints against Sauceda. Based on Perez's report, the City Council unanimously voted to suspend Sauceda without pay.[1]

According to the minutes from the November 12 City Council meeting, prior to the meeting, the City received a letter from Sauceda's attorney. This letter stated that Sauceda had filed a Charge of Discrimination with the Equal

---

[1] The City's Mayor, Albert Alvarez, was not present at this meeting. Accordingly, Segovia acted as Mayor Pro Tem and did not participate in the vote.

No. 14-51349

Employment Opportunity Commission (EEOC) against the the City and Segovia and requested that the executive session be open to the public.[2]

On November 13, the day after the City Council voted to suspend him, Sauceda's attorney sent a letter to Perez alleging that Sauceda's suspension was unjustified and in violation of the Texas Whistleblower Act. According to this letter, Sauceda alleged that his suspension was in retaliation for reporting possible legal violations to the Frio County Attorney, Hector Lozano. The basis for this claim was a November 9 email sent by Sauceda to Lozano in which Sauceda alleged that City Council member Conrad Corassco "may have received goods and services from a city employee . . . in violation of City policy, ordinance, and/or state law." Neither the letter from his attorney, nor Sauceda's email, mentioned the complaints made against him or challenged their veracity. Sauceda was terminated as City Manager on November 27, 2012.

Sauceda filed the instant suit in August 2013. Following the close of discovery, the City moved for summary judgment in August 2014. In November 2014, the district court granted the City's motion for summary judgment and dismissed Sauceda's suit. The district court found that while Sauceda had made a prima facie case of retaliation, he had failed to show that the City's proffered non-retaliatory reason for suspending and terminating him—the complaints of improper sexual conduct—was pretext. Namely, the district court held that Sauceda had not rebutted the sworn declarations of the City Council members who asserted that they decided to take action against Sauceda based solely on the complaints that he had made inappropriate

---

[2] Sauceda's EEOC complaint recites the allegations that Segovia had ordered him not to hire females for certain positions and to fire several employees for allegedly illegal reasons. It also states that "[b]ecause I have refused to carry out Mr. Segovia's wishes, he has placed me on the City Council's agenda for termination." The EEOC dismissed Sauceda's complaint in June 2013.

comments of a sexual nature to a number of female employees. Accordingly, the district court concluded that the City was entitled to judgment as a matter of law.

## II.    JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction pursuant to 28 U.S.C. § 1331. The district court entered judgment on October 21, 2014. Sauceda timely filed a notice of appeal. This Court has jurisdiction under 28 U.S.C. § 1291.

"We review a district court's grant of summary judgment *de novo.*" *Morris v. Equifax Info. Servs., LLC,* 457 F.3d 460, 464 (5th Cir. 2006). A court should grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, while "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor," *id.* at 255, to avoid summary judgment, "[t]he non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial," *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006).

## III.    DISCUSSION

Sauceda raises one issue on appeal: Whether the district court erred in finding that he had failed to show that the City's legitimate, non-retaliatory reason for suspending and terminating him was pretext.

Sauceda's claim of retaliation in violation of Title VII is analyzed under the *McDonnell Douglas* burden-shifting framework. *Royal v. CCC & R Tres Arboles, L.L.C.,* 736 F.3d 396, 400 (5th Cir. 2013) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 807 (1973)). Pursuant to this framework:

> (1) first, the employee must demonstrate a prima facie case of retaliation; (2) the burden then shifts to the employer, who must

state a legitimate non-retaliatory reason for the employment action; and (3) if that burden is satisfied, the burden then ultimately falls to the employee to establish that the employer's stated reason is actually a pretext for unlawful retaliation.

*Id.*

Here, the parties agree that Sauceda established a prima facie case of retaliation and Sauceda does not challenge the district court's conclusion that the City met its burden of proffering a legitimate, non-retaliatory reason for suspending and terminating him. Accordingly, the burden falls to Sauceda to "demonstrate a material issue of disputed fact as to whether the [City's] proffered explanation was merely a pretext for retaliation." *Gee v. Principi*, 289 F.3d 342, 347 (5th Cir. 2002). This requires more than showing a causal connection between the protected activity and the adverse employment action. *See McMillan v. Ruse Coll., Inc.*, 710 F.2d 1112, 1116 (5th Cir. 1983). "In order to avoid summary judgment, the plaintiff must show 'a conflict in substantial evidence' on the question of whether the employer would not have taken the action 'but for' the protected activity."[3] *Feist v. La., Dep't of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013) (quoting *Long v. Eastfield Coll.*, 88 F.3d 300, 308 (5th Cir.1996)).

The district court held that Sauceda had not met this burden because he had failed to rebut the declarations of the City Council members or show the existence of a conflict in the evidence. Sauceda contends that this was in error because the district court focused too narrowly on the harassment complaints while ignoring the broader context of his allegations. We disagree.

---

[3] "An employee has engaged in protected activity when [he or] she has (1) 'opposed any practice made an unlawful employment practice' by Title VII or (2) 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing' under Title VII." *Douglas v. DynMcDermott Petroleum Operations Co.*, 144 F.3d 364, 372 (5th Cir. 1998) (quoting 42 U.S.C. § 2000e-3(a)).

Here, five of the City Council members who participated in the vote to suspend and ultimately terminate Sauceda submitted declarations under penalty of perjury testifying that they decided to take these actions based on Special Counsel Perez's investigation and report regarding the complaints that Sauceda had made improper sexual comments to female employees. According to these declarations, the City Council members were persuaded the complaints had merit and warranted termination. Each of these City Council members also declared that prior to voting, they were unaware of Sauceda's allegations that Segovia had pressured him to engage in allegedly unlawful and discriminatory conduct or that Sauceda had purportedly refused to comply with these demands.

In response, Sauceda contends that a conflict in the evidence exists because he testified in his deposition that Segovia had threatened to terminate him numerous times if he didn't fire certain female employees and that three other City Council members took part in this threat in the summer of 2012 when they confronted Sauceda in his office. However, Segovia did not participate in the vote to suspend or terminate Sauceda,[4] and five of the other City Council members assert that they terminated Sauceda solely due to the complaints of improper sexual conduct that had been made against him. These declarations directly undermine Sauceda's argument that his protected activities were a "but for" cause of the adverse actions taken against him. Because Sauceda failed to present evidence sufficient to rebut these

---

[4] In his appellate brief, Sauceda argues for the first time that Segovia's alleged retaliatory intent should be imputed to the other City Council members because he had influence over, or control of, a majority of the City Council votes. Because this argument was not properly raised before the district court we will not consider it here. *See Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339 (5th Cir. 2005) ("If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal." (quoting *Keenan v. Tejada*, 290 F.3d 252, 262 (5th Cir. 2002))).

No. 14-51349

declarations, he did not show a conflict in substantial evidence on the issue of whether his protected activities were a but for cause of his suspension and termination. Rather, the record shows that Sauceda was suspended and terminated for an entirely independent reason—his alleged inappropriate sexual conduct. Accordingly, Sauceda failed to raise a genuine issue of material fact as to whether the City's legitimate, non-retaliatory reason was pretext, and judgment as a matter of law against him was appropriate.

## IV.  CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court and DISMISS Sauceda's appeal.