# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 1, 2022

Lyle W. Cayce
Clerk

No. 21-30699

Marc S. Allen, Sr.,

*Plaintiff—Appellant*,

*versus*

United States Postal Service, Megan J. Brennan,
*Postmaster General*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-242

Before Clement, Graves, and Costa, *Circuit Judges*.

Per Curiam:*

Marc Allen sued his employer, the U.S. Postal Service, for failing to accommodate his disability. The district court granted summary judgment for the Postal Service, finding it reasonably accommodated Allen's medical limitations by offering him a modified work schedule. We affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30699

I

Allen worked in the Postal Service's maintenance department. As a custodian, Allen performed basic upkeep, like mopping and vacuuming. He also performed some heavier labor, like landscaping and furniture assembly. The job kept Allen on his feet "for six to seven hours a day."

Two years into his employment, Allen began to experience "severe pain" in both feet. Allen suffers from chronic plantar fasciitis, an inflammatory foot condition that can be agitated by long periods of standing or physical activity. Allen consulted a doctor, who recommended that he "adhere to the following work-related restrictions: 1 hour standing followed by 1 hour of rest; no driving; no cutting grass; and no carrying a vacuum."

Allen told his union about his new medical limitations. A local union representative recommended that Allen put in a request for a "light duty" assignment. The collective bargaining agreement (CBA) between the Postal Service and the union offers "light duty" as an alternative working arrangement for "ill or disabled" employees. Employees with less than five years tenure must submit "periodic requests" for light-duty assignments, along with a written statement from their physician. Allen alleges that he submitted "at least 3" such requests between 2016 and 2017. His supervisors allegedly granted those requests. During that period, Allen continued to perform basic duties, like waxing, polishing, and unloading supplies. But he was not assigned more strenuous tasks like "cutting grass and washing windows."

Allen renewed his light-duty request in late 2017. This time, his new supervisor referred the request to the District Reasonable Accommodation Committee for formal review. Ahead of that review, Allen submitted a written "Reasonable Accommodation Request" for "desk work only." He also provided a medical assessment form from his doctor, which confirmed

that Allen was only capable of "lifting 12 lbs" and "standing maximum 1 hour and rest 1 hour."

Soon after, the Committee held a hearing to consider Allen's request. Allen explained that he was "in pain 24/7." He insisted that he needed a fully sedentary assignment. Or at least one that would allow him to alternate working and resting hours, per his doctor's instructions.

Allen's medical assessment form did not indicate what tasks, if any, he could perform during his "rest" periods. The Committee thus asked Allen to provide "additional medical information," clarifying his restrictions. Allen agreed to follow up with his doctor. But, a month later, he informed the Committee that he was unable to provide anything further. He reiterated only "that he required one hour of rest after one hour of work."

The Postal Service approved an accommodation: Allen could perform light maintenance work and rest every other hour, *but* he would need to clock out during his rest breaks.

Allen did not want to spend half the day on unpaid rest breaks. He sued, claiming the Postal Service had violated the Rehabilitation Act and Americans with Disabilities Act (ADA) by failing to provide a reasonable accommodation for his disability. The district court granted summary judgment for the Postal Service, ruling that the modified schedule was an appropriate accommodation for Allen's medical limitations.

## II

The Rehabilitation Act prohibits discrimination against disabled employees in the federal sector. 29 U.S.C. § 794. It operates under the same standards as Title I of the ADA. *Id.* at § 794(d). To establish a failure-to-accommodate claim under either statute, Allen must show that: (1) he is a qualified individual with a disability; (2) the disability and its consequential

limitations were known by the Postal Service; and (3) the Postal Service failed to make reasonable accommodations for those limitations. *See Feist v. Louisiana*, 730 F.3d 450, 452 (5th Cir. 2013).

The only question is whether the Postal Service reasonably accommodated Allen's disability by modifying his work schedule. A "reasonable accommodation" is an adjustment to the job or surrounding circumstances that enables a disabled but otherwise qualified individual "to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(1)(ii). An employer must provide a reasonable accommodation for an employee's disability, "absent undue hardship." *Id.* § 1630.2(o)(4). But it need not grant "the employee's preferred accommodation." *EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 471 (5th Cir. 2009); *see Allen v. Rapides Par. Sch. Bd.*, 204 F.3d 619, 622–23 (5th Cir. 2000). The accommodation offered "does not have to be the 'best' accommodation possible," so long as it meets the employee's needs. 29 C.F.R. Pt. 1630, App., § 1630.9. The employer "has the ultimate discretion to choose between effective accommodations" and may choose an "easier" or "less expensive" option. *Id.*

Allen received a reasonable accommodation, even if it was not the one he preferred. *See Thompson v. Microsoft Corp.*, 2 F.4th 460, 469 (5th Cir. 2021). Initially, Allen's job required that he "walk and stand for six to seven hours a day," sometimes performing heavy manual labor. Allen told his employer that he was incapable of lifting heavy objects and standing for more than an hour at a time. The Postal Service accommodated those limitations: it narrowed Allen's job duties and permitted him to rest after each hour of work, provided that he clock out for his rest breaks.

The new arrangement was not ideal for Allen (it effectively cut his salary in half). But it was not unlawful. The ADA recognizes "part-time or

modified work schedules" as reasonable accommodations. 42 U.S.C. § 12111(9)(B). And reasonable accommodations can result in lower salaries. *See Thompson*, 2 F.4th at 469; *Allen*, 204 F.3d at 623. Of course, an accommodation cannot be so impractical that it makes the job more trouble than its worth. *See US Airways, Inc. v. Barnett*, 535 U.S. 391, 400 (2002) (noting that an ineffective accommodation is no accommodation at all). But Allen twice reiterated that "he *required* one hour of rest after one hour of work." He could not reasonably expect the Postal Service to pay him a full day's salary for a half day's work.

Under the circumstances, part-time was perhaps the only reasonable accommodation for Allen's disability. Allen asked to perform "desk work only." But there were no desk jobs in the maintenance department. *See Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 810 (5th Cir. 1997) ("[A]n employer is not required to give what it does not have."). The Postal Service could not reasonably create a new job within maintenance just to accommodate Allen. *See id.* And it could not transfer Allen out of the department without violating the rights of other employees under the CBA.[1] *See id.* ("[T]he ADA does not require an employer to take action inconsistent with the contractual rights of other workers.").

The Postal Service did offer to explore other accommodations if Allen clarified what light-duty tasks he could perform during his resting hours. Yet, Allen declined to provide anything further from his doctor. *See Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 736 (5th Cir. 1999) (holding that employee cannot establish a failure to accommodate if he was responsible for the

---

[1] The CBA instructs that "[t]he assignment of light duty employees shall not displace nor adversely affect regularly assigned members of the work force." It requires the Postal Service to make "every effort" to accommodate disabled employees "within their present craft," even if those accommodations result in reduced work hours.

breakdown in the process of finding an appropriate accommodation). That left the Postal Service with few alternatives. The CBA required an accommodation that addressed Allen's medical limitations. Even if Allen could perform *some* light-duty tasks without rest, the Postal Service did not know which tasks would be too strenuous. *See Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1094 (5th Cir. 1996) (holding that employer could not reasonably grant an accommodation that threatened employee's own health).

Allen maintains that his employer could have just renewed the light-duty assignment that was already in place. But that arrangement was inconsistent with his doctor's orders and his "desk work only" request. It would have made little sense to renew the arrangement, given Allen told the Committee he was still in "in pain 24/7." Even if light duty was a viable option, the Postal Service was free to select an "easier" and "less expensive" alternative. *See* 29 C.F.R. Pt. 1630, App., § 1630.9. So long as the accommodation offered was reasonable, it does not matter that other accommodations may have been available. *See Allen*, 204 F.3d at 622–23.

Allen also argues that the CBA required the Postal Service to find Allen a full-time accommodation. There is no evidence of such a requirement in the record. As above, part-time may have been the *only* accommodation that was consistent with the CBA. Regardless, federal disability law provides the relevant standards for Allen's failure-to-accommodate claim—not the CBA. Under that framework, part-time was an adequate response to Allen's request for accommodation.

The judgment of the district court is AFFIRMED.