# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2023

Lyle W. Cayce
Clerk

No. 23-20145
Summary Calendar

———————

Pamela Cyrilien,

*Plaintiff—Appellant*,

*versus*

Texas Department of Criminal Justice,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-2523

———————————————————

Before Dennis, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Appellant Pamela Cyrilien was diagnosed with breast cancer on December 14, 2018, and alleges that her former employer, the Texas Department of Criminal Justice ("TDCJ"), failed to accommodate her disability in violation of the Americans with Disabilities Act of 1990 ("ADA") and the Rehabilitation Act of 1973 ("Rehabilitation Act"). For the

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

reasons that follow, we AFFIRM the district court's entry of summary judgment in favor of TDCJ.

## I.

Cyrilien was employed as an administrative assistant at a TDCJ prison in Navasota, Texas. The essential functions of her job included performing technical assistance work; managing supplies, parts, and equipment for unit maintenance; coordinating the preparation, editing, and distribution of correspondence, reports, studies, and other forms; coordinating maintenance; training and supervising offenders in administrative support procedures; and assisting in maintaining the security of assigned offenders. She was diagnosed with breast cancer on December 14, 2018, and began chemotherapy treatment on March 29, 2019. Her last in-person workday at TDCJ was May 30, 2019.

To continue receiving treatment, Cyrilien applied for and was granted Family Medical Leave Act ("FMLA") leave in June 2019. She also requested and received 400 additional hours of leave from TDCJ's sick leave policy. Also in June 2019, Cyrilien applied for long-term disability benefits, and began receiving long-term disability payments from the Texas Income Protection Program and the Social Security Administration. After exhausting all her accrued and FMLA leave time, TDCJ placed her on "Leave Without Pay" status in December 2019. Under TDCJ's policies, an employee may only be on Leave Without Pay status for 180 days within a rolling twelve-month period. In March 2020, TDCJ informed Cyrilien that her Leave Without Pay time had expired and her employment was terminated on March 20, 2020.

Cyrilien sued TDCJ in August 2021 alleging violations of the ADA and the Rehabilitation Act. Cyrilien's ADA claim was dismissed in December 2021. After discovery, TDCJ moved for summary judgment on

the remaining Rehabilitation Act claim. The district court granted TDCJ's motion without a written opinion, thereby entering summary judgment in favor of TDCJ on Cyrilien's Rehabilitation Act claim. Cyrilien appeals only the dismissal of her Rehabilitation Act claim.

## II.

This court reviews a district court's grant of summary judgment *de novo* and applies the same legal standards as the district court. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). Summary judgment shall issue "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In determining whether a genuine issue as to any material fact exists, [the court] must view the evidence in the light most favorable to the nonmoving party." *Fahim*, 551 F.3d at 348–49.

## III.

The Rehabilitation Act was enacted "to ensure that handicapped individuals are not denied jobs or other benefits because of prejudiced attitudes or ignorance of others." *Brennan v. Stewart*, 834 F.2d 1248, 1259 (5th Cir. 1988). Because the ADA was also enacted to prevent discrimination against individual with disabilities, and because the language in the statutes contain parallel language, "[j]urisprudence interpreting either section is applicable to both." *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000). Thus, to prevail in a failure to accommodate claim under the Rehabilitation Act, Cyrilien must prove that (1) she is a "qualified individual with a disability;" (2) the disability and its consequential limitations were "known" by TDCJ; and (3) TDCJ failed to make "reasonable accommodations" for Cyrilien's known limitations. *Feist v. Louisiana*, 730 F.3d 450, 452 (5th Cir. 2013).

Cyrilien argues that the district court erred in entering summary judgment on her failure to accommodate claim under the Rehabilitation Act because she argues that she is a "qualified individual with a disability" within the meaning of the Rehabilitation Act.

Cyrilien has not created a genuine dispute of material fact that she is a "qualified individual with a disability." A "qualified individual" is a person (1) that can "perform the essential functions of the job in spite of [her] disability," or (2) that "a reasonable accommodation of [her] disability would have enabled [her] to perform the essential functions of [her] job." *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014).

Cyrilien invokes the second pathway by arguing that TDCJ should have provided her with reasonable accommodations in the form of a "desk-job accommodation" and its failure to do so was a violation of their legal obligations under the Rehabilitation Act. The plaintiff bears the burden of requesting reasonable accommodations, and if no reasonable accommodation can be made to plaintiff's prior job, the plaintiff also bears the burden of proving that another "available position exists that [she] was qualified for and could, with reasonable accommodations, perform." *Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 315 (5th Cir. 2007). "For the accommodation of a reassignment to be reasonable, it is clear that a position must first exist and be vacant. Under the ADA, an employer is not required to give what it does not have." *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 810 (5th Cir. 1997). Cyrilien proffers no evidence to create a genuine dispute of material fact that such a position existed and was vacant. She points to deposition testimony of TDCJ's accommodations coordinator, Terry Bailey, who stated that desk jobs existed at TDCJ. Specifically, when asked if she had "seen any of those light-duty work options . . . at TDCJ," Bailey replied that she had. Cyrilien, however, offers no evidence that she was qualified for these positions, or that

No. 23-20145

any such position existed or was vacant at the time her employment was terminated.

Furthermore, there is no evidence in the record to create a genuine dispute of material fact that Cyrilien could have performed any job, even with reasonable accommodations. Cyrilien's own doctor submitted a statement in support of her claim for long-term disability benefits stating that Cyrilien was totally impaired from working and estimating her return-to-work date as February 2021. A plaintiff who has submitted a "sworn assertion in an application for disability benefits that she is… 'unable to work' will appear to negate an essential element of her ADA case"—namely, that she can perform the essential functions of her employment position— and as such, "must proffer a sufficient explanation" to account for the "apparent contradiction." *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 483 (5th Cir. 2001) (citing *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806–07 (1999)). The district court found this precept to be important, stating that Cyrilien did not offer a sufficient explanation to account for the apparent contradiction, and that Cyrilien "represented under oath she is disabled, unable to work, and at the same time claiming entitlement to the job she can't perform." We agree with the district court and find that Cyrilien offers no explanation for the apparent contradiction.

As such, we find that the district court did not err in finding that Cyrilien is not a "qualified individual with a disability," foreclosing her failure to accommodate claim under the Rehabilitation Act.[1] We AFFIRM.

_____

[1] Because we hold that Cyrilien is not a "qualified individual with a disability," an essential element of her prima facie case under the Rehabilitation Act, we do not address whether she was subject to an adverse action solely because of disability.