# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 5, 2010

No. 09-60416

Charles R. Fulbruge III
Clerk

PAULINE KELLY, Individually and on behalf of all heirs at law of Destry Ezell Kelly, deceased; CHRISTEN N. PETERS, Individually; NAKEYA J. MCLENDON, Individually,

Plaintiffs-Appellants

v.

KATHERINE LABOUISSE, doing business as Straw Hill Farms,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:07-CV-631

Before REAVLEY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

The crux of this appeal is the ownership of a cow that was struck by an automobile, causing personal injuries to Plaintiffs. The district court granted summary judgment in favor of the defendant because it found Plaintiffs failed to offer sufficient admissible evidence that the defendant owned the cow. For the following reasons, we AFFIRM the district court's judgment:

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60416

1. Although we review the district court's summary judgment decision *de novo*, we first review the district court's rulings on the admissibility of summary judgment evidence for manifest error, which is akin to an abuse of discretion. *See Berry v. Armstrong Rubber Co.*, 989 F.2d 822, 824 (5th Cir. 1993); *see also Richardson v. Oldham*, 12 F.3d 1373, 1376 (5th Cir. 1994). We find no such error here. Plaintiffs rely in part on the testimony of Talmadge Abram, who said Thadio Aaron told him that Jimmy Smith told Aaron the cow belonged to Straw Hill Farm. Defendant concedes that Smith's alleged statement to Aaron would be an admission of a party opponent. But Aaron's alleged statement to Abram is a different matter. The district court properly determined that the statement is inadmissible hearsay because it concerned a matter outside of the scope of Aaron's employment with Straw Hill Farm. *See* FED. R. EVID. 801(d)(2)(D) (a statement by a party's agent or servant must be made within the scope of employment); FED. R. EVID. 805 (hearsay within hearsay is admissible only if each part of combined statement conforms to a hearsay exception). Although Aaron worked at the farm and performed tasks related to the cattle, the record shows that he was a general farm hand. There is no indication that he managed the cattle, maintained cattle records, or had accounting responsibility for the cattle. Instead, Aaron worked at the direction of Smith, who performed those jobs as the farm's "cattle man." *See Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1566 (11th Cir. 1991) (holding that the inquiry regarding scope of employment was whether the speaker was authorized to act for his principal concerning the matter about which he allegedly spoke). Plaintiffs argue that Aaron's testimony about his duties created an issue of fact for the jury as to the scope of his employment. But the scope of Aaron's employment relates to the admissibility of the hearsay statement; juries do not decide such

2

No. 09-60416

issues, and we conclude that the district court did not abuse its discretion by precluding Abram's testimony on this record.

2. Plaintiffs' contention that circumstantial evidence established a fact issue as to the ownership of the cow also fails. Smith's unrebutted testimony was that the farm's cattle records showed no documentation of a black cow with a tag bearing the number "29," and that a headcount showed no cows were missing from Straw Hill Farm's inventory. Plaintiffs are not aided either by Smith's removal of the cow from the road and burial of it on Straw Hill Farm property, or by the general practice of farmers burying only their own cows on their land. Smith explained without contradiction that he buried the cow to alleviate the odor from the decaying carcass after the accident. His actions do not create a fact issue as to ownership. The same is true of Plaintiffs' evidence that Straw Hill Farm had cows in pastures on both sides of the road, that a fence was down, and that a gate was partially open. The evidence showed that other farmers also had cows in the area, and no witness was able to identify the owner of the cow that was struck. Plaintiffs' argument does not rise above the level of mere speculation and conjecture as to the ownership of the cow, which is insufficient to defeat summary judgment. *See Thomas v. Great Atlantic & Pacific Tea Co.*, 233 F.3d 326, 329–30 (5th Cir. 2000).

3. We similarly find no merit to Plaintiffs' cursory arguments as to the hearsay exceptions of FED. R. EVID. 803(6) and 807 and the admissibility of evidence under FED. R. EVID. 407 and 404(b).

AFFIRMED.

3