# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60236

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2015

Lyle W. Cayce
Clerk

LOLITA R. WARD,

> Plaintiff–Appellant,

v.

JACKSON STATE UNIVERSITY; DOCTOR VIVIAN FULLER, Individually; DOCTOR CAROLYN MYERS, Individually; JOHN DOES 1-10,

> Defendants–Appellees.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:12-CV-616

---

Before KING, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

Appellant Lolita Ward alleges that Jackson State University and several of its employees (JSU) violated Title VII of the Civil Rights Act of 1964 by firing her in retaliation for reporting sexual harassment. The district court granted summary judgment to JSU because Ward failed to show JSU knew about

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60236

Ward's harassment complaint at the time it terminated her employment. We affirm.

## I

In August 2011, JSU hired Dr. Vivian Fuller as its new athletic director. At that time, Ward worked as a secretary in the athletic department. Ward claims that shortly after Fuller arrived at JSU, Fuller began sexually harassing her. Ward further alleges that after she rejected Fuller's advances, Fuller became hostile toward her. Fuller gave Ward notice of her termination in October 2011.

Ward testified that prior to her termination, she contacted Georgina Felder, an athletic department secretary, about Fuller's alleged harassment. Ward testified that Felder told her that Felder had contacted Sandra Sellers, the head of human resources, about Ward's concerns. This testimony is the only evidence in the record that any JSU official had knowledge of Ward's sexual harassment complaint before Fuller terminated her employment.

Following her termination, Ward advanced her sexual harassment claim through the proper administrative channels. After the EEOC determined it could not conclude that a Title VII violation had occurred, Ward filed suit in federal district court. The district court granted summary judgment in favor of JSU. Ward now appeals.

## II

"We must first review the trial court's evidentiary rulings under an abuse of discretion standard. Then, with the record defined, we must review *de novo* the order granting judgment as a matter of law."[1] "A court 'abuses its discretion when its ruling is based on an erroneous view of the law or a clearly

---

[1] *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 668-6 (5th Cir. 1999) (citations omitted).

2

erroneous assessment of the evidence.'"[2]   "[W]e review a grant of summary judgment *de novo*, applying the same standards as the district court."[3]  A grant of summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4]   We construe all facts and inferences "in the light most favorable to the non-movant."[5]

## III

Under Title VII of the Civil Rights Act, it is unlawful for an employer to retaliate against an employee for filing a sexual harassment report.[6]   To establish a prima facie retaliation claim, "a plaintiff must show that (1) she participated in an activity protected under the statute; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse action."[7]

That Ward satisfied the first two elements is undisputed; JSU contends solely that Ward cannot establish causation.  To establish causation, Ward must at least demonstrate that prior to her termination, Fuller was aware of Ward's sexual harassment complaint,[8] because "[i]f an employer is unaware of

---

[2] *Aransas Project v. Shaw*, 775 F.3d 641, 655 (5th Cir. 2014) (quoting *United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir.2008)).

[3] *Meadaa v. K.A.P. Enters., L.L.C.*, 756 F.3d 875, 880 (5th Cir. 2014) (quoting *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 469 (5th Cir. 2009)) (internal quotation marks omitted).

[4] *Id.* (quoting FED. R. CIV. P. 56(a)) (internal quotation marks omitted).

[5] *Id.* (quoting *Kirschbaum v. Reliant Energy, Inc.*, 526 F.3d 243, 248 (5th Cir. 2008)) (internal quotation marks omitted).

[6] *See* 42 U.S.C. § 2000e-3(a).

[7] *Feist v. La., Dep't of Justice, Office of the Attorney Gen.*, 730 F.3d 450, 454 (5th Cir. 2013) (citation omitted).

[8] *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 657 (5th Cir. 2012) (citing *Gee v. Principi*, 289 F.3d 342, 346 (5th Cir.2002)) ("In determining whether an adverse employment action occurred, we focus on the final decisionmaker.").

No. 14-60236

an employee's protected conduct at the time of the adverse employment action, the employer plainly could not have retaliated against the employee based on that conduct."[9]

The district court excluded as hearsay the only evidence tending to show Fuller knew about Ward's complaint at the time Fuller terminated Ward's employment.[10]

---

[9] *Ackel v. Nat'l Commc'ns., Inc.*, 339 F.3d 376, 385-86 (5th Cir. 2003) (quoting *Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, 179 F.3d 164, 168 (5th Cir. 1999)) (internal quotation marks omitted).

[10] The text of the testimony follows:

> [JSU COUNSEL]: And to your knowledge, you don't have any personal knowledge of Ms. Felder contacting HR to report that August 22 incident, do you?
>
> [WARD]: She reported the incident. I don't know what she reported, *but she did tell me that she had contacted Sandra Sellers through e-mail correspondence and everything.*
>
> . . .
>
> [JSU COUNSEL]: And did she copy you on this alleged e-mail?
>
> WARD]: No.
>
> [JSU COUNSEL]: You just going [sic] by her telling you that she had e-mailed Sandra?
>
> [WARD]: Yes.
>
> . . .
>
> [JSU COUNSEL]: *What did she tell you specifically that she told Sandra Sellers?*
>
> [WARD]: That things were getting out of hand in the athletics department, that Ms. Ward is—obviously there is something going on. Everyone notices it, that there's a big difference in Ms. Ward and they notice that something is going on with Dr. Fuller and her and before it gets out of hand or anyone gets hurt, they need to address it.
>
> [JSU COUNSEL]: Now, you didn't say in that—in what you just told me that Ms. Felder told you that she specifically told Sandra Sellers about the tongue gesture. Didn't Ms. Felder tell you that she specifically reported to Sandra Sellers about an alleged tongue gesture by Dr. Fuller?

No. 14-60236

Ward submits that the district court erred in raising the hearsay issue *sua sponte*. But "on a motion for summary judgment, the evidence proffered by the plaintiff to satisfy his burden of proof *must be competent and admissible at trial*."[11] Accordingly, "despite the lack of discussion of hearsay prior to [its] initial opinion," the district court properly considered the admissibility of the evidence.[12]

The Federal Rules of Evidence define "hearsay" as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."[13] In the testimony at issue, Ward stated that Felder said to Ward that Felder had told Sellers about Ward's allegations. Ward offers this statement to prove the truth of the matter asserted, *i.e.*, that Felder relayed Ward's allegations to Sellers. Accordingly, the district court did not abuse its discretion in excluding this testimony as hearsay.

Ward also argues that the testimony should be admitted pursuant to the invited-error doctrine because JSU reproduced the testimony in its summary judgment brief. Under the invited-error doctrine, "when injection of inadmissible evidence is attributable to the actions of the defense, the defense cannot later object to such 'invited error.'"[14] But JSU used the testimony solely to support a non-hearsay proposition: that Ward did not report her sexual

---

> [WARD]: She didn't tell me that she said anything about the tongue gesture. *She just called her and told her* about the things that was going on over in the AAC between Ms. Ward and Dr. Fuller, the way that I was being treated.

[11] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (emphasis added) (citing *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam)).

[12] *Id.* at 461.

[13] FED. R. EVID. 801(c)(1)-(2).

[14] *United States v. Delgado*, 672 F.3d 320, 339 (5th Cir. 2012) (en banc) (quoting *United States v. Raymer*, 876 F.2d 383, 388 (5th Cir. 1989)).

harassment allegations to any JSU employee except Felder. Accordingly, JSU did not inject inadmissible testimony into the proceeding,[15] and therefore, the invited-error doctrine is inapplicable.

Finally, Ward alleges that the testimony should have been excluded from the definition of hearsay under Federal Rule of Evidence 801(d)(2)(D). Rule 801(d)(2)(D) provides that a statement is not hearsay if it is "offered against an opposing party and . . . was made by the party's agent or employee on a matter within the scope of that relationship and while it existed."[16]

To determine if a statement falls within the scope of employment, we examine whether the statement relates to the employee's duties.[17] At the time Felder made the alleged statement, her duties were exclusively secretarial in nature. Her duties did not include the handling of sexual harassment reports.[18] Accordingly, the district court did not abuse its discretion in

---

[15] *United States v. Watkins*, 591 F.3d 780, 787 (5th Cir. 2009) (citing FED. R. EVID. 803; *United States v. Enstam*, 622 F.2d 857, 865 (5th Cir. 1980)) ("[W]hen evidence is offered for some purpose other than the truth of the matter asserted therein, it is not hearsay."); *cf.* 21 CHARLES ALAN WRIGHT & KENNETH W. GRAHAM, JR., FEDERAL PRACTICE & PROCEDURE § 5039.2 (2d ed. 2014) ("'[I]nvited error' does not bar review of objection to opponent's improper use of evidence elicited by appellant; e.g., appellant offers statement for nonhearsay purpose and opponent wants to use for the truth of the matter asserted.").

[16] FED. R. EVID. 801(d)(2)(D).

[17] *MetroplexCore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 964, 978-79 (5th Cir. 2014) (per curiam) ("Perrin was an 'agent or employee' of Parsons, a party to this action, and the parties do not dispute that Perrin was acting within the scope of her duties as Vice-President when she made the alleged statements. The statements would therefore be admissible as nonhearsay." (citation omitted)).

[18] *See Staheli v. Univ. of Miss.*, 854 F.2d 121, 126-27 (5th Cir. 1988) (excluding the testimony of a professor as to an out of court statement by the university chancellor about why the plaintiff was denied tenure because the professor lacked authority to make tenure decisions); *see also Kelly v. Labouisse*, 364 F. App'x 895, 896 (5th Cir. 2010) (per curiam) (excluding the out-of-court statements of a general farm hand as to the ownership of a cow because he did not "maintain[] cattle records" or have an "accounting responsibility for the cattle"); *Ramirez v. Gonzales*, 225 F. App'x 203, 210 (5th Cir. 2007) (per curiam) (excluding a secretary's testimony as to an out-of-court statement made by her supervisor about the

No. 14-60236

excluding her alleged statement because it was not made within the scope of her employment. Therefore, JSU is entitled to summary judgment because there is no admissible evidence to create a genuine issue of material fact as to causation.

*    *    *

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

reason for the termination of the plaintiff's employment because she "was not involved in the decision to terminate [the plaintiff]").

7