# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41458
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 29, 2015

Lyle W. Cayce
Clerk

MARCUS RAY HARRELSON,

      Plaintiff - Appellant

v.

LUFKIN INDUSTRIES, INCORPORATED,

      Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC 9:13-CV-111

Before JOLLY, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

    Plaintiff Marcus Harrelson appeals the district court's grant of summary judgment in favor of Defendant Lufkin Industries, Inc. ("Lufkin") on Harrelson's interference and retaliation claims under 29 U.S.C. § 2615 of the Family and Medical Leave Act ("FMLA" or "the Act"). Because Harrelson waived his interference claim by failing to argue that he suffered from a

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41458

"serious health condition" and cannot establish a prima facie case of retaliation, we AFFIRM the decision of the district court.

I.

Harrelson began working for Lufkin in August of 2004 and was chronically absent from work due to an upper-respiratory condition. On May 1, 2012, Harrelson brought an FMLA form provided by Lufkin to his physician, Dr. Saxton, who indicated that Harrelson's condition began on May 1, 2012, and would probably conclude on May 3, 2012. Harrelson was absent from work on May 1, 2012, and May 2, 2012, and returned the completed FMLA form to Lufkin's Human Resource Manager, David Duford, on May 4. Harrelson was absent from work on seven more occasions between May 9, 2012, and June 3, 2012, and he claims that on each occasion he received permission to take FMLA leave from an unidentified supervisor.

On June 5, 2012, Harrelson met with two supervisory employees who informed him that a computer-generated warning indicated that Harrelson had been repeatedly absent from work. Harrelson explained that he had submitted FMLA paperwork and that he was entitled to leave for the days in question. Harrelson was then fired on June 11, 2012, for excessive absences. At that point, Harrelson was advised that the FMLA forms signed by Dr. Saxton only entitled Harrelson to two days of leave. Harrelson explained that Dr. Saxton had made a mistake when filling out the forms and requested that Dr. Saxton be allowed to amend the forms. Lufkin consented.

Dr. Saxton revised the FMLA form to indicate that Harrelson would require leave for an "unknown" number of days, even though the form specified that "'[u]nknown' or 'indeterminate' is not sufficient to determine FMLA coverage . . . [and f]ailure to provide sufficient information may cause the employee's FMLA request to be delayed or denied." Lufkin refused to reconsider Harrelson's termination in light of Dr. Saxton's revision. Harrelson

2

No. 14-41458

filed suit on May 28, 2013, and the district court subsequently granted summary judgment in Lufkin's favor. Harrelson timely appealed.

## II.

"We review a grant of summary judgment de novo, applying the same standard as the district court." *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). We "consider all facts and evidence in the light most favorable to the nonmoving party." *Ion*, 731 F.3d at 389.

"The FMLA provides eligible employees with twelve workweeks of leave during a twelve-month period upon a triggering event, including [as relevant here] 'a serious health condition that makes the employee unable to perform the functions of [his] position.'" *Silva v. City of Hidalgo, Tex.*, 575 F. App'x 419, 424 (5th Cir. 2014) (unpublished) (quoting 29 U.S.C. § 2612(a)(1)(D)). To establish a prima facie case for interference with FMLA rights, plaintiffs must demonstrate that they are entitled to leave under the FMLA. *See Mauder v. Metro. Transit Auth.*, 446 F.3d 574, 580 (5th Cir. 2006). As part of this showing, Harrelson must present evidence of a "serious health condition," *see Mauder*, 446 F.3d at 580, which the FMLA defines as "an illness, injury, impairment, or physical or mental condition that involves—(A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

Although the district court concluded that Harrelson failed to make the necessary showing, Harrelson failed to address this issue on appeal. It is well established that the "[f]ailure adequately to brief an issue on appeal constitutes waiver of that argument." *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004) (citing FED. R. APP. P. 28(a)(9)(A)).

3

No. 14-41458

Harrelson's waiver means that his interference claim necessarily also fails; he cannot demonstrate as a matter of law that all of the elements of his interference claim are satisfied.[1]

Harrelson also claims that he was retaliated against for taking FMLA leave. Where there is no direct evidence of discrimination, the court applies the *McDonnell Douglas*[2] framework.[3] *Hunt v. Rapides Healthcare Sys. LLC*, 277 F.3d 757, 768 (5th Cir. 2001). Under this framework, Harrelson must first establish a prima facie case of retaliation by showing: (1) he was protected under the FMLA; (2) he suffered an adverse employment decision; and either (3a) he was treated less favorably than an employee that had not requested FMLA leave; or (3b) the adverse decision was made because he took FMLA leave. *Id.* Once Harrelson has established a prima facie case, the burden then shifts to Lufkin to articulate a legitimate, non-discriminatory reason for Harrelson's termination. *Id.* If Lufkin can articulate such a reason, the burden shifts back to Harrelson to show by a preponderance of the evidence that the proffered reason was pretextual. *Id.* Harrelson's claim fails at several steps.

Lufkin argues that Harrelson cannot establish a prima facie case of retaliation because Harrelson did not engage in protected conduct under the

---

[1] Because we conclude that Harrelson waived this argument, we need not address the district court's alternate holding that Harrelson failed to provide adequate notice in accord with the FMLA's requirements.

[2] *McDonnel Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[3] Neither party argues that the court should apply the but-for standard articulated in *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517, 2534 (2013), which is employed in Title VII retaliation cases. We have yet to decide whether *Nassar* applies to the FMLA context. As Harrelson contends that Lufkin fired him solely in retaliation for taking FMLA leave, the mixed-motive argument is not at issue in this case. *See Ion*, 731 F.3d at 389–90. Therefore, we need not address *Nassar*'s effect, if any, on FMLA retaliation claims.

FMLA.[4] While "a plaintiff need not establish a violation of the substantive, prescriptive provisions of the FMLA to allege a violation of the proscriptive provisions," *Hunt*, 277 F.3d at 769, Harrelson's failure to substantiate his interference claim is inconsistent with his retaliation claim under the facts of this case. The FMLA bars an employer only from retaliating against an employee for engaging in conducted protected by the Act. *See* 29 U.S.C. § 2615(a). As discussed above, Harrelson did not engage in protected conduct when he was repeatedly absent during May and June of 2012. As such, he was not protected by the FMLA, and his retaliation claim fails at the first step. *See id.* at 768; *see also Lanier v. Univ. of Tex. Sw. Med. Ctr.*, 527 F. App'x 312, 317 (5th Cir. 2013) (unpublished) (holding that plaintiff's retaliation claim necessarily failed where the plaintiff did not submit a proper request for FMLA leave); *cf. Grubb v. Sw. Airlines*, 296 F. App'x 383, 390 (5th Cir. 2008) (unpublished) (concluding that there was "enough of an issue of fact as to whether [the plaintiff] had a 'serious health condition' for the purposes of FMLA 'protection' to survive summary judgment").[5]

Even assuming arguendo that Harrelson can establish a prima facie case, he fails to rebut Lufkin's proffered legitimate, non-discriminatory reason for dismissing Harrelson. Harrelson's employment contract provides that employees are permitted six unpaid, unauthorized absences per year. The employee receives a written warning for each additional absence and is

---

[4] There is no dispute that Harrelson was "eligible" for FMLA leave as defined by the Act. An "eligible employee" is one who has been employed "for at least 12 months by the employer with respect to whom leave is requested" and has been employed "for at least 1,250 hours of service with such employer during the previous 12 month period." 29 U.S.C. § 2611(2)(A).

[5] Although *Lanier* and *Grubb* are not "controlling precedent," they "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

terminated upon the thirteenth unpaid, unauthorized absence.[6]   Lufkin maintains that it fired Harrelson pursuant to this policy, as Harrelson never received authorized leave for his repeated absences between May 9, 2012, and June 3, 2012.  Although Harrelson disputes this contention, attesting that he received authorization to take FMLA leave from an unnamed supervisor and therefore did not violate the absence policy in his contract, it is insufficient to create a material dispute of fact as to whether the proffered reason was pretextual.   Lufkin's policy required employees to contact the Human Resources Manager with requests for FMLA leave.  *See* 29 C.F.R. § 825.302(d) (stating that an employee may be denied leave for failing to abide by an employer's "usual and customary notice and procedural requirements for requesting leave").  Thus, Harrelson's conversations with his supervisor cannot shield him from dismissal.  Because Harrelson does not provide any further evidence to rebut Lufkin's proffered reason for dismissing him, his retaliation claim fails.  *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000) (noting that "a weak issue of fact as to whether the employer's reason was untrue" is insufficient to prove retaliation).

Accordingly, we AFFIRM the decision of the district court.

---

[6] Harrelson maintains that Lufkin violated its own policy by not providing Harrelson with a written warning for each subsequent absence, but instead only provided a warning for two of his absences.  Lufkin disputes this characterization, claiming that it provided Harrelson with a warning for each absence.  This dispute is immaterial as the "[f]ailure to follow internal procedures is generally not enough to create a genuine issue of fact as to discriminatory purpose." *See Grubb*, 296 F. App'x at 390 (citing *Moore v. Eli Lilly & Co.*, 990 F.2d 812, 819 (5th Cir. 1993)).