# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60291

United States Court of Appeals
Fifth Circuit

**FILED**

April 12, 2016

Lyle W. Cayce
Clerk

THOMAS PAYNE, Doctor,

Plaintiff - Appellant

v.

UNIVERSITY OF SOUTHERN MISSISSIPPI; MARTHA SAUNDERS, Doctor, Individually and Officially; LISA NORED, Doctor, Individually and Officially; ROBERT LYMAN, Doctor, Individually and Officially; JOE WHITEHEAD, Doctor, Individually and Officially; DALE LEDFORD, Doctor, Individually and Officially; REX GANDY, Doctor, Individually and Officially,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:12-CV-41

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiff-Appellant Thomas Payne was a tenured Associate Professor of Criminal Justice at the University of Southern Mississippi (the "University"). Payne alleges that the University and several of its employees[1]

> (1) Violated Title VII by retaliating against him for filing several EEOC charges and internal grievances;
>
> (2) Violated his First Amendment right to preach his Christian faith to his students;
>
> (3) Violated his substantive and procedural due process rights in numerous respects;
>
> (4) Breached his employment contract;
>
> (5) Violated the Equal Protection Clause by treating him differently from other professors because of his religious beliefs;
>
> (6) Intentionally or negligently inflicted emotional distress upon him; and
>
> (7) Intentionally misrepresented to him that he could engage in an unlimited amount of outside employment.

The district court granted judgment in Defendants' favor on all of Payne's claims. We affirm in part and dismiss the appeal in part.

I.

We first address Payne's Title VII retaliation claims. Payne asserts that the University[2] subjected him to a series of retaliatory actions after he filed multiple internal grievances and EEOC charges. Among other adverse actions, he claims that the University unlawfully limited his ability to engage in

---

[1] As the district court observed, Payne's complaint does not specify which causes of action he asserts against which Defendants.

[2] Payne concedes on appeal that only the University, and not the individual defendants, may be held liable under Title VII.

No. 15-60291

outside employment and gave him an unfavorable and inaccurate performance evaluation.

A.

Under this Court's burden-shifting framework, if the plaintiff establishes a prima facie case of retaliation, the employer must provide a legitimate, nonretaliatory reason for the adverse action.[3] "After the employer states its reason, the burden shifts back to the employee to demonstrate that the employer's reason is actually a pretext for retaliation[.]"[4]

To establish pretext in the Title VII retaliation context, the employee must show "that the adverse action would not have occurred 'but for' the employer's retaliatory motive."[5] A court may grant judgment in the employer's favor if the employee creates only a "weak issue of fact" as to whether the employer's reason for the challenged employment action is untrue, and there is "abundant and uncontroverted independent evidence" that no retaliation occurred.[6]

For the following reasons, the district court correctly concluded that Payne failed to introduce sufficient evidence of pretext.

---

[3] *Feist v. La. Dep't of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013).
[4] *Id.*
[5] *Id.* (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013)).
[6] *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 148 (2000).

Payne argues that *Reeves's* "weak issue of fact" standard applies only in discrimination cases, not retaliation cases. That is incorrect. This Court has repeatedly applied the "weak issue of fact" standard in retaliation cases and discrimination cases alike. *See Harrelson v. Lufkin Indus., Inc.*, 614 F. App'x 761, 765 (5th Cir. 2015); *Ellerbrook v. City of Lubbock, Tex.*, 465 F. App'x 324, 331 (5th Cir. 2012); *Leal v. BFT, Ltd. P'ship*, 423 F. App'x 476, 481 (5th Cir. 2011); *Mauder v. Metro. Transit Auth. of Harris Cnty., Tex.*, 446 F.3d 574, 583-84 (5th Cir. 2006); *Montemayor v. City of San Antonio*, 276 F.3d 687, 694 (5th Cir. 2001).

No. 15-60291

B.

There is no evidence that the University's reasons for restricting Payne's outside employment were pretextual. The record unequivocally establishes that the University sought to restrict Payne's outside employment several months *before* he engaged in any protected activity. As a result, no reasonable juror could conclude "that the adverse action would not have occurred 'but for' the employer's retaliatory motive."[7]

C.

We also conclude that Payne has not shown that the University's reasons for his unfavorable performance review were pretextual. The University gave Payne an unfavorable performance review in 2009, citing perceived deficits in the areas of "Service & Advising," "Scholarship," and "Instruction." Payne claims that the University gave him this unfavorable evaluation as retaliation for filing multiple grievances against the University.

"Merely disputing" an employer's assessment of the plaintiff's work performance "will not necessarily support an inference of pretext."[8] The question is whether the employer's *perception* of the plaintiff's performance, accurate or not, was the real reason for the challenged adverse employment action.[9]

After reviewing the record, we conclude that no reasonable juror would find that the University based the unfavorable evaluation on anything other than its perception that Payne had performed poorly. The record establishes that the University was dissatisfied with Payne's engagement with students

---

[7] *See Feist,* 730 F.3d at 454 (citing *Nassar,* 133 S. Ct. at 2533).
[8] *Shackelford v. Deloitte & Touche, LLP,* 190 F.3d 398, 408 (5th Cir. 1999) (citations omitted).
[9] *Id.* at 408-09.

4

No. 15-60291

and lack of publications in peer-reviewed journals as early as 2005, several years before Payne filed his first grievance in 2009. Thus, once again, no reasonable juror could conclude "that the adverse action would not have occurred 'but for' the employer's retaliatory motive."[10]

## D.

Payne raised other Title VII retaliation claims in addition to the two claims discussed above. We affirm the judgment in the University's favor on those claims essentially for the reasons given by the district court.

## II.

Payne also raised numerous constitutional and state law claims against Defendants. The district court entered judgment in Defendants' favor on all of them. After reviewing the record, the district court's order, the parties' arguments, and the relevant case law, we conclude that the district court committed no error. We therefore affirm the judgment in its entirety.

## III.

The district court also awarded Defendants attorneys' fees because it concluded that Payne unreasonably and vexatiously multiplied the proceedings. Payne attempts to challenge the fee award on appeal.

We lack jurisdiction to review the fee award.[11] If Payne wishes to challenge the district court's order awarding attorney's fees, he must file a separate notice of appeal.[12]

---

[10] *See Feist*, 730 F.3d at 454 (citing *Nassar*, 133 S. Ct. at 2533).
[11] *See Armour v. Knowles*, 512 F.3d 147, 156 (5th Cir. 2007).
[12] *See id.*

No. 15-60291

IV.

The judgment is AFFIRMED. The appeal is DISMISSED to the extent Payne attempts to challenge the district court's award of attorneys' fees.