# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 1, 2017

Lyle W. Cayce
Clerk

No. 17-30257
Summary Calendar

GWENDOLYN A. ATKINS,

Plaintiff - Appellant

v.

SOUTHEAST COMMUNITY HEALTH SYSTEMS; SELENA SENEGAL,

Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-47

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Gwendolyn A. Atkins appeals the district court's summary judgment dismissal of her Title VII claims for retaliatory termination against her former employer, Southeast Community Health Systems (SCHS) and its CEO, Selena Senegal.  Because we conclude that Atkins failed to produce sufficient evidence to permit a reasonable jury to return a verdict in her favor, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30257

**I**

In 1996, Atkins was hired by SCHS, a nonprofit organization that provides medications to patients with limited financial means. By 2010, her job duties included ordering free prescriptions for income-qualifying patients through SCHS's Patient Assistance Program's (PAP) online portal.

Atkins was terminated for the first time in March 2008 after allegations of misconduct. She subsequently filed a charge of discrimination with the EEOC alleging discrimination based on race. Following settlement discussions with SCHS, she was reinstated. Atkins alleges, however, that SCHS did not fully comply with their reinstatement agreement after she returned to work. In response, she filed a second charge with the EEOC in which she alleged that SCHS's failure to abide by this agreement was retaliation for her first EEOC charge in 2008. Atkins's supervisors at SCHS became aware of this second charge no later than July 2009. On early October 2009, Atkins also filed an internal grievance directly with SCHS. In mid-November 2009, she was transferred to a different jobsite within the organization.

Then, in May 2010, an investigation by SCHS's human resources department uncovered evidence that Atkins had requested numerous Viagra shipments through the PAP online portal for friends and family members. None of these shipments were supported by prescriptions in their patient files, and Atkins often picked up the free medication herself. Several days later, on May 20, 2010, Atkins's employment was terminated. The following day, SCHS filed a criminal complaint, and the State of Louisiana subsequently instituted criminal prosecution against Atkins. These charges were ultimately dismissed.

Atkins filed the instant lawsuit in 2011, alleging, inter alia, that SCHS and Senegal terminated her in violation of Title VII as retaliation for filing a charge with the EEOC. This case was stayed in February 2012 pending

2

No. 17-30257

disposition of the aforementioned criminal proceedings, and reopened in November 2014. In March 2017, the district court granted SCHS's motion for summary judgment and dismissed all of Atkins's claims. The district court concluded that Atkins failed to present evidence to make a sufficient showing as to two required elements of her Title VII claim: (1) that there was a causal connection between her protected activity and an adverse employment action, and (2) that SCHS's proffered non-discriminatory reason for terminating her was mere pretext for a retaliatory motive. Atkins timely appeals.

## II

We review the district court's grant of summary judgment de novo. *Evans v. City of Houston*, 246 F.3d 344, 347 (5th Cir. 2001). Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Though summary judgment must be denied if the non-movant demonstrates that evidence in the record would permit a reasonable jury to find in her favor, *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986), she cannot make this showing merely by raising some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Summary judgment is appropriate if the non-movant fails to make this necessary showing as to at least one essential element of her claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Title VII prohibits an employer from retaliating against any employee because that employee has "opposed any practice made an unlawful employment practice" or "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a). To prevail in a retaliation claim, the plaintiff must first

establish a prima facie case of retaliation by demonstrating that: (1) she engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action. *Feist v. Louisiana, Dep't of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013). The employer must then provide a legitimate, non-discriminatory justification for the adverse employment action. *Id.* The plaintiff ultimately has the burden of demonstrating that this proffered reason is merely pretext, and that she would not in fact have suffered the adverse employment action "but-for" the defendant's retaliatory motive. *Id.*

We hold that the district court did not err in determining that no reasonable jury could conclude either that she established a "causal link" to support her prima facie case, or met her burden of demonstrating that SCHS's justification for her termination was mere pretext for retaliatory motive. Atkins relies entirely on an allegation of "temporal proximity" as her only evidence for a causal link between protected activity and an adverse employment action. At most, this is a "mere scintilla" of evidence. *See Little*, 37 F.3d at 1075. "[T]he mere fact that some adverse action is taken after an employee engages in some protected activity will not always be enough for a prima facie case," *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 655 (5th Cir. 2004), especially if a lengthy period of time passed between the two, *e.g.*, *Raggs v. Miss. Power Light Co.*, 278 F.3d 463, 471–72 (5th Cir. 2002) (five-month lapse was, on its own, insufficient to permit a reasonable jury to find that employee had demonstrated a causal link). Atkins acknowledges that, at a minimum, ten months passed between when SCHS had notice of her second Charge and when she was terminated. She contends, however, that there is a causal link because her EEOC charges were "in the picture continuously for the last two years of [her] employment" from 2008 until 2010. This argument

amounts to an assertion that any employee who experiences an adverse employment action while an EEOC charge is pending can make out a prima facie showing of a causal connection, even if the employer has been aware of the charge for almost a year.  We reject this.

Atkins contends that the district court erred by failing to explicitly discuss either the October grievance[1] she filed with SCHS or her jobsite reassignment in November.  However, the closer temporal proximity between these two intervening events does not provide evidence that she was ultimately terminated because of protected activity.  *See Raggs*, 278 F.3d at 471–72.

Additionally, even if this argument were persuasive, the district court correctly concluded that Atkins did not provide sufficient evidence to permit a reasonable jury to find that SCHS proffered reason for her termination was mere pretext.  SCHS contends that Atkins was terminated because its investigation demonstrated that she abused her access to the PAP online portal to obtain free prescription medication for friends and family.  As the district court noted, Atkins's evidence that this was mere pretext consists solely of her arguments that she was not guilty of this conduct.  Even if these contentions are sufficient to create a genuine dispute as to this fact, Atkins also bears the burden of providing evidence to support a finding that, "but-for" her protected activity, she would not have been terminated. As noted, however, Atkins provides no evidence that SCHS's adverse employment action was motivated by her protected activity other than stating that her EEOC Charges was "in the picture continuously" from 2008 onward. As discussed, this "mere scintilla" of evidence is not sufficient for a reasonable jury to return a verdict in her favor.

---

[1] Though Atkins's brief includes conclusory assertions that this grievance was also protected activity, she does not sufficiently brief this point.  Consequently, this argument is forfeited.  *SEC v. Life Partners Holdings, Inc.*, 854 F.3d 765 (5th Cir. 2017).

No. 17-30257

## III

Accordingly, we affirm the judgment of the district court.