United States Court of Appeals
Fifth Circuit

**F I L E D**

July 6, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 03-20691

(Summary Calendar)

_____

JOSEPH W. CASTLINO,

Plaintiff-Appellant,

versus

TOMMY THOMAS, Sheriff, Harris County, HARRIS COUNTY; MICHAEL GONZALES,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
USDC No. 4:01-CV-2548

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant, Joseph W. Castlino ("Castlino"), appeals the district court's grant of summary

judgment dismissing his suit for employment discrimination and retaliation under Title VII of the Civil

---

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rights Act of 1964 and for relief under 42 U.S.C. § 1983. Castlino alleges that Sergeant Michael Gonzales ("Gonzales") made derogatory remarks and a false statement against him and that he was unlawfully terminated by Tommy Thomas ("Thomas"), the sheriff at the Harris County Sheriff's Department ("Department"), because of his race and Sicilian national origin.

Castlino was employed as a deputy sheriff by the Department. He was terminated for violating Department policy by attempting to steal inmate property. The Civil Service Commission, after a hearing, upheld the termination decision. Nine months after his termination, Castlino filed an Equal Employment Opportunity Commission ("EEOC") charge of discrimination.

We review the district court's order granting summary judgment *de novo*. *Melton v. Teachers Inc. & Annuity Ass'n of America*, 114 F.3d 557, 559 (5th Cir. 1997). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In reviewing the record, we do so in the light most favorable to the non-moving party and the non-moving party is entitled to all reasonable inferences that may be drawn from the facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Title VII prohibits an employer from "discharg[ing] an individual, or otherwise discriminat[ing] against any individual . . . because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). Title VII also prohibits retaliation by employers against employees who have filed a charge of discrimination. 42 U.S.C. § 2000e-3(a). The *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973), framework requires a plaintiff to first create a presumption of discrimination by making out a prima facie case of discrimination. The burden of production then shifts to the defendant to establish

legitimate non-discriminatory reasons for its actions. The plaintiff then bears the burden of persuading the trier of fact by a preponderance of the evidence that the employer intentionally discriminated against the plaintiff because of the plaintiff's protected status. *See Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). The Department set forth an adequate, non-discriminatory reason for Castlino's termination))he violated department policies and procedures by attempting to take valuable property from the Inmate Processing Center. Castlino offered no evidence that the Department's reason for termination was mere pretext and its true reason for its decision was Castlino's race, national origin, or his filing of an EEOC claim. In addition, there is no evidence that the County's actions were directly or indirectly related to Castlino's claimed Sicilian national origin or that race or national origin played any role in the Department's decision.

Castlino did offer evidence of inappropriate statements made by Gonzales. We agree, however, with the district court's conclusion that these comments alone are insufficient to establish a general issue of material fact for Castlino's employment discrimination claim under Title VII. *See Boyd v. State Farm Ins. Co.*, 158 F.3d 326, 329 (5th Cir. 1998) ("The mere utterance of a racial epithet is not indicia of discrimination under Title VII."); *Rubinstein v. Adm'r of Tulane Educ. Fund*, 218 F.3d 392, 400-01 (5th Cir. 2000) (Plaintiff only offered evidence that inappropriate comments were made, not that they were proximate in time or related to the employment decision at issue.). In addition, Thomas was the decisionmaker that terminated Castlino's employment, and there is no evidence that Thomas acted as the conduit of Gonzales' prejudice. *See Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 226-27 (5th Cir. 2000).

Castlino also alleges that he was terminated in retaliation for filing an EEOC discrimination charge. This claim is without merit since the EEOC charge was filed after Castlino had been

terminated by the Department.

Accordingly, the judgment of the district court is AFFIRMED.