**REVISED June 28, 2019**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40445

United States Court of Appeals
Fifth Circuit

**FILED**
June 26, 2019

Lyle W. Cayce
Clerk

MARIE KRAFT,

       Plaintiff-Appellant,

v.

THE UNIVERSITY OF TEXAS MEDICAL BRANCH; UNIVERSITY OF TEXAS MEDICAL BRANCH HEALTHCARE SYSTEMS, INCORPORATED,

       Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:16-CV-15

Before CLEMENT, DUNCAN, and OLDHAM, Circuit Judges.

PER CURIAM:*

    This is a Title VII retaliation case.  In a thorough and well-reasoned opinion, the district court granted summary judgment to Defendants University of Texas Medical Branch and University of Texas Medical Branch Healthcare Systems, Inc.  It concluded Plaintiff Marie Kraft could not meet her

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40445

burden of demonstrating Defendants' stated reason for firing her was pretextual.  We agree and affirm.

I.

The parties are already familiar with the facts and procedural history in this case.  Accordingly, we recount only the most relevant details here.

In May 2014, Kraft complained about age and sex discrimination. Defendants hired outside counsel to assist with an investigation into Kraft's complaint.  Defendants also hired the same outside counsel to investigate a separate complaint involving two other employees (Stephanie Hayes and Gerald Cagle).

During the Hayes-Cagle investigation, outside counsel nonetheless "received numerous complaints of misconduct against" Kraft.  Outside counsel issued a report concluding "Kraft violated the Conduct Guide and UTMB's Non Retaliation policy" by (1) "frequently threaten[ing] to terminate Ms. Hayes if she filed a report with Human Resources," (2) "tr[ying] to coerce Ms. Hayes into retracting the complaint," and (3) telling "other employees that they should not trust" Hayes.  The report further found Kraft had failed to investigate complaints against Cagle and suggested she failed to enforce other UTMB policies because she "actually violated" them herself.  Additionally, the report raised other potential violations of UTMB policies by Kraft.  In the end, it recommended Kraft "be subjected to severe disciplinary action, up to and including termination."

Kraft's supervisor, Carolee King, testified that she decided to terminate Kraft "based on the findings of th[is] report."  On September 2, 2014, Kraft received a Notice of Intent to Terminate that said it was "[b]ased on the[] findings" in the outside-counsel report.  Kraft responded by disputing the findings the following day.  On September 4, 2014, she was fired.

No. 18-40445

Kraft sued Defendants for age and sex discrimination as well as retaliation. But she does not appeal the dismissal of her discrimination claims. Instead, she "seeks review only of the dismissal of her retaliation claims."

## II.

Kraft has narrowed her appeal to one crucial question: Why was she fired? Kraft says it was because she complained about discrimination on the basis of age and sex. Defendants say it was because she violated numerous company policies, as detailed in the outside-counsel report. Kraft's only response is that Defendants' proffered reason for her termination was pretextual.

Kraft attempts to "show[] that [Defendants'] proffered explanation is false or 'unworthy of credence.'" *Thomas v. Johnson*, 788 F.3d 177, 179 (5th Cir. 2015) (quoting *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)). To do so, Kraft had to "produce evidence that could lead a reasonable fact-finder to conclude that 'the adverse employment action would not have occurred "but for"' [her] decision to engage in an activity protected by" law. *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 427 (5th Cir. 2017) (brackets omitted) (quoting *Feist v. La., Dep't of Justice*, 730 F.3d 450, 454 (5th Cir. 2013)).[1]

But as the district court ruled, Kraft has no such evidence. We are in substantial agreement with the district court's reasoning and thus address only Kraft's most significant arguments here.

First, Kraft points to her own declaration. The district court concluded the declaration was "not valid summary judgment evidence" because it was "wholly conclusory." We agree. In her declaration, Kraft asserted "it was

---

[1] The parties' briefs suggest we should apply the retaliation standards developed under Title VII to Kraft's claims under the ADEA and the Texas Labor Code. In light of the parties' agreement, we do so without considering whether those statutes may require different approaches.

apparent that King . . . was simply using the [outside-counsel report] as a pretextual basis to terminate my employment." The only basis for this assertion was Kraft's belief that King must have been uninterested "in learning the truth" because she "refused to provide [Kraft] any additional information in response to [Kraft's] request for details." That was pure speculation. A supervisor may have non-retaliatory reasons—including a desire to protect the privacy of other employees—for declining to disclose information to the subject of an investigation. Thus, Kraft's conclusory assertion was not "made on personal knowledge." FED. R. CIV. P. 56(c)(4) (requiring a "declaration used to . . . oppose a motion" for summary judgment to "be made on personal knowledge" and "set out facts that would be admissible in evidence"); *see also Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, 179 F.3d 164, 168–69 (5th Cir. 1999).

Second, Kraft points to circumstantial evidence that, at best, goes to whether other employees at UTMB would have been interested in retaliating against her. But none of that evidence relates to King, the supervisor who fired Kraft. *See Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir. 2002) (concluding statements could not be evidence of discrimination because "the speakers were not responsible . . . for his termination"). Notably, Kraft does not argue that these other employees caused King to fire her. *See Castlino v. Thomas*, 141 F. App'x 255, 257 (5th Cir. 2005) (per curiam) (finding prejudiced statements by a non-decisionmaker insufficient summary judgment evidence where plaintiff produced no evidence the decisionmaker was influenced by the non-decisionmaker).

Third, Kraft argues that the outside-counsel report was inaccurate and that the underlying investigation was inadequate. Whether Kraft actually violated company policy is immaterial. The relevant question is whether Kraft was fired because the report said she violated company policy. If King was

4

No. 18-40445

motivated by the report rather than retaliation, her decision to fire Kraft was not retaliatory regardless of whether the report was accurate. *See Bryant v. Compass Grp. USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005) ("Management does not have to make proper decisions, only non-discriminatory ones."); *Deines v. Tex. Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 281 (5th Cir. 1999) ("Whether the employer's decision was the correct one, or the fair one, or the best one is not a question within the jury's province to decide."). And contrary to Kraft's contention, none of her evidence suggests the investigation was so "inexplicably unfair" that a reasonable jury could infer Defendants did not actually rely on its findings. *Mastro v. Potomac Elec. Power Co.*, 447 F.3d 843, 855 (D.C. Cir. 2006).

## III.

The district court correctly granted summary judgment to Defendants. We need not address Defendants' alternative arguments for affirmance.

The judgment is AFFIRMED.