# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2024

Lyle W. Cayce
Clerk

No. 24-50151
Summary Calendar

———————————

Hans Goerz,

*Plaintiff—Appellant*,

*versus*

Frank Kendall, *Secretary, Department of The Air Force*,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:20-CV-49

———————————————————————

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:[*]

In March 2019, the United States Air Force terminated Hans Goerz from his job as a simulator instructor. As a result, Goerz filed the underlying lawsuit against the Secretary of the Air Force, alleging that his termination

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50151

constituted retaliation under Title VII of the Civil Rights Act of 1964.[1] Goerz now appeals the district court's summary judgment-dismissal of his retaliation claim against the Secretary. Because the district court correctly determined that Goerz failed to show pretext, we AFFIRM.

I.

In 1998, Goerz, who is of German descent, started working for the Air Force as a simulator instructor. Beginning in 2014, the Air Force became increasingly dissatisfied with Goerz's conduct and job performance. In October 2014, the Air Force reprimanded Goerz for failing to follow a syllabus, using offensive language, and striking a student during a simulator mission. Similarly, in December 2015, the Air Force issued a Notice of Proposed Suspension on the grounds that Goerz struck students during a flight training, engaged in conduct unbecoming of an instructor, and failed to properly perform instructor duties. And in May 2016, the Air Force issued another Notice of Proposed Suspension and ultimately suspended Goerz for fourteen days because he struck a student during training and was absent without authorization.

During this period, Goerz grew unhappy with the Air Force's treatment of him. In fact, between 2015 and 2017, Goerz filed three Equal Employment Opportunity (EEO) complaints: one in February 2015 alleging discrimination and hostile work environment because of his German national origin; one in April 2016 alleging retaliation due to his first EEO complaint; and one in July 2017 alleging hostile work environment because of his German national origin and retaliation due to his two previous EEO complaints.

---

[1] Goerz also alleged discrimination in violation of the Rehabilitation Act of 1973, but this claim was dismissed under Federal Rule of Civil Procedure 12(b)(6) earlier in the case and is not part of this appeal. We thus address it no further.

No. 24-50151

In December 2018, over a year after Goerz's last EEO complaint, matters finally came to an end point when Goerz's rating supervisor, David Loftus, issued a Notice of Proposed Removal.  The Notice of Proposed Removal articulated four grounds for Goerz's removal: (1) failure to follow the smoking policy, (2) failure to follow his supervisor's instructions, (3) absence without authorization, and (4) a pattern of misconduct that rendered him unsuitable for continued employment.  Goerz disputed these charges.  Even so, on March 26, 2019, Colonel Carey Jones issued a Notice of Decision to Remove terminating Goerz for the reasons outlined in the Notice of Proposed Removal.  Goerz appealed the decision, but his appeal was unsuccessful.

As a result, Goerz retained counsel and filed the underlying lawsuit against the Secretary.  The Secretary moved for summary judgment.  A magistrate judge issued a report and recommendation, recommending that the Secretary's motion for summary judgment be granted.  Applying the framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the magistrate judge found that Goerz established a prima facie case of retaliation but failed to demonstrate that the Secretary's proffered reasons for his removal were pretext.  Goerz filed objections, but the district court judge adopted the magistrate judge's report and recommendation in full and granted the Secretary's motion for summary judgment.  Goerz, now proceeding *pro se*, appeals the district court's summary judgment order.

II.

We review summary judgments *de novo*.  *Hudson v. Lincare, Inc.*, 58 F.4th 222, 228 (5th Cir. 2023).  Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "'All reasonable inferences' must be viewed in the light most favorable to the party opposing summary judgment, and any doubt must be resolved in that party's favor."  *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 368 (5th Cir. 2021).

3

No. 24-50151

III.

The Secretary first asserts that Goerz abandoned his appeal by failing to address the merits of the district court's order, failing to identify any error in the district court's order, and omitting citations to case law. But Goerz is proceeding *pro se*. We therefore liberally construe and apply less stringent standards to his brief. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Additionally, although *pro se* parties must still brief the issues and reasonably comply with Federal Rule of Appellate Procedure 28, we have discretion to consider a noncompliant brief when its noncompliance does not prejudice the opposing party. *Id.* at 524–25. It is clear enough that Goerz—however inartfully and ineffectively—challenges the district court's adverse pretext holding. The Secretary addresses this argument and, thus, has not been prejudiced. Accordingly, we exercise our discretion to consider Goerz's brief and turn to the merits of Goerz's retaliation claim.

IV.

Title VII retaliation claims are governed by the burden-shifting framework set forth in *McDonnell Douglas*. Under the *McDonnell Douglas* framework, a plaintiff bears the initial burden to show: "(1) that [he] engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) (internal quotations and citations omitted).

Once the plaintiff meets his initial burden, the burden shifts to the employer "to articulate some legitimate, nondiscriminatory reason" for its actions. *See McDonnell Douglas*, 411 U.S. at 802. If the employer proffers a legitimate, nondiscriminatory reason, the burden then returns to the plaintiff to prove that the employer's reason is pretext for unlawful discrimination. *See Septimus v. Univ. of Houston*, 399 F.3d 601, 607 (5th Cir. 2005). At the

pretext stage, the plaintiff must offer evidence "that the adverse action would not have occurred but for [his] employer's retaliatory motive." *See Feist v. La., Dep't of Just., Off. of the Att'y Gen.*, 730 F.3d 450, 454 (5th Cir. 2013) (internal quotations omitted).

Because the district court found that Goerz established a prima facie case of retaliation and neither party challenges this on appeal, we begin our analysis with the Secretary's proffered legitimate, nondiscriminatory reason for terminating Goerz. The Secretary asserts that the Air Force terminated Goerz because of his failure to follow its smoking policy, failure to follow his supervisor's instructions, unauthorized absences, and unsuitability for continued employment due to repeated misconduct. Goerz contends that these reasons are pretext because of (1) the temporal proximity between his protected activity—the EEO complaints—and various disciplinary actions taken against him by the Air Force, such as his termination; (2) Loftus's and Jones's knowledge of his EEO complaints; and (3) inaccuracies in the Air Force's account of his misconduct. The Secretary asserts that none of these are sufficient to show pretext.

Although it is true that very close temporal proximity between protected activity and an adverse action can suffice to show causation for purposes of establishing a prima facie case of retaliation, it is also true that temporal proximity alone cannot establish pretext. *See Strong v. Univ. Health Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007). "[T]he combination of suspicious timing with other significant evidence of pretext . . . can be sufficient to survive summary judgment," however. *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 409 (5th Cir. 1999). We thus turn to Goerz's other pretext arguments without deciding whether there is sufficient temporal proximity. *See id.*; *Strong*, 482 F.3d at 808.

No. 24-50151

Loftus's and Jone's awareness of Goerz's EEO complaints is similarly unavailing, though.  Knowledge of protected activity without evidence that "the employer's decision to terminate was based in part on knowledge of the employee's protected activity" is insufficient to establish prima facie causation, let alone pretext. *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 588–89 (5th Cir. 2020) (quoting *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998)).  But Goerz offered no evidence connecting Loftus's and Jones's knowledge of his EEO complaints to Jones's decision to terminate him.  Goerz's assertion regarding Loftus's and Jones's knowledge of his protected activity therefore does not demonstrate pretext.

Goerz's final argument is to dispute the accuracy of the Air Force's account of his misconduct.  "Simply disputing the underlying facts of an employer's decision is not sufficient to create an issue of pretext," though, so this argument also fails. *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 391 (5th Cir. 2007).

As none of Goerz's arguments demonstrate that the reasons for his discharge are pretextual—individually or cumulatively—Goerz has failed to satisfy his burden of showing a genuine dispute of material fact that precludes summary judgment.  Thus, the district court did not err in granting the Secretary's summary judgment motion.

V.

In sum, we hold that the district court properly granted summary judgment in favor of the Secretary.  Accordingly, the judgment dismissing Goerz's complaint is

AFFIRMED.