# United States Court of Appeals for the Fifth Circuit

No. 25-40307

United States Court of Appeals
Fifth Circuit

**FILED**
May 26, 2026

Lyle W. Cayce
Clerk

Alfy Mayes,

*Plaintiff—Appellant*,

*versus*

Galveston County,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:24-CV-15

_____

Before Elrod, *Chief Judge*, and Ho and Ramirez, *Circuit Judges*.
Per Curiam:[*]

Appellant Alfy Mayes worked as a jailor for the Galveston County Sheriff's Office from 2009 until 2024. In 2021, Mayes filed his first federal lawsuit against Galveston County, alleging race discrimination, disability discrimination, and retaliation. The district court granted summary judgment to the County on all claims, and Mayes did not appeal. Mayes then filed a second federal lawsuit—the subject of this appeal—alleging that the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40307

County retaliated against him on three separate occasions for filing the first lawsuit.[1]

The County's first allegedly retaliatory action was its suspension of Mayes for one day without pay.  The County ordered this disciplinary measure after Mayes delayed calling for emergency assistance while working in the suicide prevention unit despite observing an inmate wrapping cloth around his neck.  The second allegedly retaliatory action was the County's suspension of Mayes for five days without pay after Mayes delayed assisting a fellow officer in subduing an insubordinate inmate.  The County's third allegedly retaliatory action was its recommendation that Mayes be terminated after he kicked an inmate and struck him in the face multiple times.

The district court granted summary judgment to the County, holding that it had "conclusively prove[n]" that all three disciplinary actions were made for "legitimate, nondiscriminatory or nonretaliatory reasons."  Mayes now appeals.  For the following reasons, we affirm.

"We review a grant of summary judgment *de novo*, viewing all evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Pierce v. Dep't of U.S. Air Force*, 512 F.3d 184, 186 (5th Cir. 2007).  "[S]ummary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Dupree v. Younger*, 598 U.S. 729, 737 (2023) (cleaned up); FED. R. CIV. P. 56(a).

Mayes's sole contention on appeal is that the district court erred in granting summary judgment to the County because he raised genuine

---

[1] Mayes also brought a disparate-treatment claim which he later voluntarily dismissed.

disputes of material fact as to whether the County's stated reasons for disciplining him were pretextual. We disagree.

To establish a prima facie Title VII retaliation claim, a plaintiff must show that "(1)[]he participated in an activity protected under the statute; (2) h[is] employer took an adverse employment action against h[im]; and (3) a causal connection exists between the protected activity and the adverse action." *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 219 (5th Cir. 2016). Once a plaintiff establishes a prima facie retaliation claim, the "burden of production shifts to the defendant to proffer a legitimate, nondiscriminatory reason for its action." *Id.* at 216. After the defendant proffers legitimate reasons, "the presumption of discrimination disappears." *Id.* At this point, the burden returns to the plaintiff, who must then "produce substantial evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext for discrimination." *Id.*

To show pretext, a plaintiff must demonstrate that "the adverse action would not have occurred 'but for' the employer's retaliatory motive." *Feist v. La., Dep't of Just., Off. of Att'y Gen.*, 730 F.3d 450, 454 (5th Cir. 2013). "In order to avoid summary judgment, the plaintiff must show a conflict in substantial evidence on the question of whether the employer would not have taken the action 'but for' the protected activity." *Id.* (cleaned up). But "[o]ur job as a reviewing court conducting a pretext analysis is not to engage in second-guessing of an employer's business decisions." *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 391 (5th Cir. 2007). "Our anti-discrimination laws do not require an employer to make proper decisions, only non-retaliatory ones." *Id.* Thus, a plaintiff must "do more than simply argue that [his employer] made an incorrect decision." *Id.* Merely disputing an employer's assessment of its employee's performance does not create a genuine dispute of material fact. *See Salazar*

*v. Lubbock Cnty. Hosp. Dist.*, 982 F.3d 386, 389 (5th Cir. 2020) (citing *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir. 2002)).

Here, Mayes's arguments offer nothing more than mere disagreement with the County's assessment of his actions and the propriety of its disciplinary measures. At no point does he raise any material dispute as to the facts underlying each incident or offer any evidence demonstrating that the County's proffered reasons for disciplining him were false. As such, Mayes failed to raise any disputes of material fact as to whether the County's stated reasons for disciplining him were pretextual.

Mayes also attempts to argue that the County is liable for retaliation under a cat's paw theory of liability. But—as Mayes's counsel admitted at oral argument—he failed to raise this argument in the district court. Accordingly, this argument is forfeited. *See Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339 (5th Cir. 2005) ("It is well settled in this Circuit that the scope of appellate review on a summary judgment order is limited to matters presented to the district court."); *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal[.]").

The judgment of the district court is affirmed.